UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, L.L.C.; AND LPL LICENSING, L.L.C.,<br><br>  Plaintiffs,<br><br>  v.<br><br>AETNA INC., ET AL,<br><br>  Defendants. | CASE NO. 2:11-cv-00285-TJW<br><br>JURY TRIAL DEMANDED |

COMMERCE'S ANSWER AND COUNTERCLAIM TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Commerce Bancshares, Inc. and Commerce Bank f/k/a Commerce Bank, N.A. (collectively, "Commerce") file this Answer and Counterclaim to Phoenix Licensing, LLC's and LPL Licensing LLC's (collectively, "Phoenix") Complaint For Patent Infringement ("Complaint"). Commerce denies the allegations and characterizations in Phoenix's Complaint unless expressly admitted in the following paragraphs:

### Introduction

1. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3. Commerce denies the allegations of Paragraph 3 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 with respect to other Defendants and therefore denies the same.

4. Commerce denies the allegations of Paragraph 4 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 4 with respect to other Defendants and therefore denies the same.

## Jurisdiction and Venue

5. Commerce admits that the allegations of Paragraph 5.

6. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same . Unless expressly admitted herein, Commerce denies all other allegations of Paragraph 6.

## Plaintiffs Phoenix and LPL

7. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

## Defendants

9. Paragraph 9 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

  10. Paragraph 10 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

  11. Commerce denies the allegations of Paragraph 11.

  12. Commerce denies the allegations of Paragraph 12.

  13. Paragraph 13 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

  14. Paragraph 14 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

  15. Paragraph 15 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

  16. Paragraph 16 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

  17. Paragraph 17 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Paragraph 21 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Paragraph 23 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Paragraph 24 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. Paragraph 25 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 25 and therefore denies the same.

26. Paragraph 26 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 26 and therefore denies the same.

27. Paragraph 27 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28. Paragraph 28 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. Paragraph 29 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. Paragraph 30 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Paragraph 31 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. Paragraph 32 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. Paragraph 33 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. Paragraph 34 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

**First Claim for Purported Patent Infringement (the '434 patent)**

35. Paragraph 35 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. Commerce admits that United States Patent and Trademark Office issued the '434 patent on November 16, 1999, but denies that it was duly and legally issued. Commerce admits that a purported copy of the '434 patent appears to be attached as Exhibit A to the Complaint. Commerce lacks knowledge sufficient to confirm or deny all other allegations of Paragraph 36 and therefore denies the same.

37. Commerce denies the allegations of Paragraph 37 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 with respect to other Defendants and therefore denies the same.

38. Commerce denies the allegations of Paragraph 38 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 with respect to other Defendants and therefore denies the same.

39. Commerce denies the allegations of Paragraph 39 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 with respect to other Defendants and therefore denies the same.

40. Phoenix's jury demand does not require a response by Commerce.

**Second Claim for Purported Patent Infringement (the '938 patent)**

41. Paragraph 41 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

42. Commerce admits that United States Patent and Trademark Office issued the '938 patent on February 14, 2006, but denies that it was duly and legally issued. Commerce admits that a purported copy of the '938 patent appears to be attached as Exhibit B to the Complaint. Commerce lacks knowledge sufficient to confirm or deny all other allegations of Paragraph 42 and therefore denies the same.

43. Commerce denies the allegations of Paragraph 43 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 with respect to other Defendants and therefore denies the same.

44. Commerce denies the allegations of Paragraph 44 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 with respect to other Defendants and therefore denies the same.

45. Commerce denies the allegations of Paragraph 45 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 with respect to other Defendants and therefore denies the same.

46. Phoenix's jury demand does not require a response by Commerce.

### Third Claim for Purported Patent Infringement (the '366 patent)

47. Paragraph 47 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 41 and therefore denies the same.

48. Commerce admits that United States Patent and Trademark Office issued the '366 patent on February 15, 2011, but denies that it was duly and legally issued. Commerce admits that a purported copy of the '366 patent appears to be attached as Exhibit C to the Complaint. Commerce lacks knowledge sufficient to confirm or deny all other allegations of Paragraph 48 and therefore denies the same.

49. Commerce denies the allegations of Paragraph 49 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 with respect to other Defendants and therefore denies the same.

50. Commerce denies the allegations of Paragraph 50 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 with respect to other Defendants and therefore denies the same.

51. Commerce denies the allegations of Paragraph 51 directed at Commerce. Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 with respect to other Defendants and therefore denies the same.

52. Phoenix's jury demand does not require a response by Commerce.

**Fourth Claim for Purported Patent Infringement (the '072 patent)**

53. Paragraph 53 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54. Commerce admits that United States Patent and Trademark Office issued the '072 patent on June 13, 2000, but denies that it was duly and legally issued. Commerce admits that a purported copy of the '072 patent appears to be attached as Exhibit D to the Complaint. Commerce lacks knowledge sufficient to confirm or deny all other allegations of Paragraph 54 and therefore denies the same.

55. Paragraph 55 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 55 and therefore denies the same.

56. Paragraph 56 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 56 and therefore denies the same.

57. Paragraph 57 does not require a response by Commerce. To the extent that a response is deemed required, Commerce lacks knowledge sufficient to confirm or deny the allegations of Paragraph 57 and therefore denies the same.

58. Phoenix's jury demand does not require a response by Commerce.

### Response to Phoenix's Prayer for Relief

59. Commerce requests that the Court deny all relief to Phoenix, including that requested by Phoenix in its Prayer for Relief.

### AFFIRMATIVE DEFENSES

60. Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that Commerce must necessarily plead any of the following as an affirmative defense or that Commerce necessarily bears the burden of persuasion for any of the following, Commerce asserts the following defenses to Phoenix's Complaint. Commerce reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in this case.

### First Affirmative Defense
*(Non-Infringement)*

61. Commerce does not infringe and has not infringed under any theory (including directly (whether individual or jointly) or indirectly (whether contributorily, or by inducement)), any claim of the '434, '938, and '366 patents either literally or under the doctrine of equivalents.

### Second Affirmative Defense
*(Invalidity)*

62. The '434, '938, and '366 patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in the United States patent laws, 35 U.S.C. § 101, et seq., including without limitation §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense
*(Failure to Mark)*

63. To the extent that Phoenix, and alleged predecessors-in-interest to the '434, '938, and '366 patents, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Commerce's actions allegedly infringed the '434, '938, and '366 patents, Commerce is not liable to Phoenix for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '434, '938, and '366 patents.

### Fourth Affirmative Defense
*(No Knowledge)*

64. To the extent that Phoenix asserts that Commerce indirectly infringes, either by contributory infringement or inducement of infringement, Commerce is not liable to Phoenix for the acts alleged to have been performed before Commerce knew that its actions would cause indirect infringement.

### Fifth Affirmative Defense
*(Laches and Estoppel)*

65. Phoenix's attempted enforcement of the '434, '938, and '366 patents against Commerce is barred by laches and estoppel.

### Sixth Affirmative Defense
*(No Costs for Invalid Claim)*

66. 35 U.S.C. § 288 bars Phoenix from recovering costs associated with this action.

### Seventh Affirmative Defense
*(Prosecution History Estoppel)*

67. By virtue of the proceedings in the United States Patent & Trademark Office during the prosecution (or re-examination) of the applications that matured into the '434, '938, and '366 patents, Phoenix is estopped from asserting that Commerce has directly or indirectly infringed, any claim of the '434, '938, and '366 patents, either literally or under the doctrine of equivalents.

### Eighth Affirmative Defense
*(Failure to State a Claim)*

68. Phoenix's Complaint fails to state a valid claim for relief. For example, Phoenix's Complaint fails to state a claim for indirect infringement (whether contributorily or by inducement).

### Ninth Affirmative Defense
*(Intervening Rights)*

69. Phoenix's attempted enforcement of the '434 patent against Commerce is barred by 35 U.S.C. § 252 and the doctrine of intervening rights (including absolute and equitable intervening rights).

### COUNTERCLAIM

### Parties

70. Counterclaim Plaintiff Commerce Bancshares, Inc. is a bank holding company incorporated in Missouri, with its principal place of business in Kansas City, Missouri.

71. Counterclaim Plaintiff Commerce Bank f/k/a Commerce Bank, N.A. is a Missouri banking corporation with its principal place of business in Kansas City, Missouri.

72. On information and belief based solely on Paragraph 7 of the Complaint as pled by Phoenix, Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.

73. On information and belief based solely on Paragraph 8 of the Complaint as pled by Phoenix, LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

**Jurisdiction and Venue**

74. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

75. Venue may be made in this District, and in the Marshall Division, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**Count I: Declaratory Relief Regarding Non-infringement**

76. Based on Phoenix's filing of this action and Commerce's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Commerce infringes the '434, '938, and '366 patents.

77. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Commerce requests a declaration by the Court that it does not infringe any claim of the

'434, '938, and '366 patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement))).

### Count II: Declaratory Relief Regarding Invalidity

78. Based on Phoenix's filing of this action and Commerce's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '434, '938, and '366 patents.

79. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Commerce requests a declaration by the Court that the claims of the '434, '938, and '366 patents are invalid.

### Count III: Declaratory Relief Regarding Enforceability

80. Based on Phoenix's filing of this action and Commerce's Fifth Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the '434, '938, and '366 patents.

81. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Commerce requests a declaration by the Court that the claims of the '434, '938, and '366 patents are unenforceable.

### DEMAND FOR A JURY TRIAL

Commerce hereby demands trial by jury for all issues so triable in connection with Phoenix's Complaint and Commerce's Defenses and Counterclaim.

### PRAYER FOR RELIEF

WHEREFORE, Commerce prays for a declaration and judgment against Phoenix as follows:

a. that the Court dismiss Phoenix's Complaint with prejudice;

b. that the Court deny Phoenix any and all relief it has requested in its Complaint;

c. a declaration that Commerce does not infringe, under any theory, any valid claim of the '434, '938, and '366 patents that may be enforceable;

d. a declaration that the asserted claims of the '434, '938, and '366 patents are invalid;

e. declaration that the asserted claims of the '434, '938, and '366 patents are unenforceable;

f. that the Court deny any preliminary or permanent injunctive relief in favor of Phoenix and against Commerce;

g. that Phoenix shall take nothing by way of its Complaint;

h. judgment against Phoenix and in favor of Commerce;

i. that the Court find that this case is an exceptional case under 35 U.S.C. § 285, and require Phoenix to pay costs of suit that Commerce has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

j. that the Court grant Commerce such other and further relief as this Court deems just and equitable.

Dated: August 11, 2011

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
    Thomas M. Melsheimer
    Texas Bar No. 13922550
    txm@fr.com
    Neil J. McNabnay
    Texas Bar No. 24002583
    njm@fr.com
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 Telephone
    (214) 747-2091 Facsimile

**Counsel for Defendants
Commerce Bancshares, Inc. and
Commerce Bank**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 11, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Neil J. McNabnay
Neil J. McNabnay