**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;

Plaintiffs,

vs.

Aetna Inc., a Pennsylvania corporation; Aetna Life Insurance Company, a Connecticut corporation; Commerce Bancshares, Inc., a Delaware corporation; Commerce Bank, N.A., a national banking association; Cullen/Frost Bankers Inc., a Texas corporation; Frost National Bank, a national banking association; HSBC Finance Corporation, a Delaware corporation; HSBC Bank USA, N.A., a national banking association; HSBC Bank Nevada, N.A., a national banking association; HSBC Card Services, Inc., a Delaware corporation; HSBC Technology & Services, Inc.; a Delaware corporation; HSBC Credit Center, Inc., a Delaware corporation; Liberty Mutual Insurance Company, a Massachusetts corporation; MetLife, Inc., a Delaware corporation; Metropolitan Life Insurance Company, a New York corporation; MetLife Bank N.A., a national banking association; Metropolitan Property and Casualty Insurance Company, a Rhode Island corporation; Mutual of Omaha Insurance Company, a Nebraska corporation; United of Omaha Life Insurance Company, a Nebraska corporation; United World Life Insurance Company, a Nebraska corporation; Sovereign Bank, a federally chartered savings bank, UnitedHealth Group, Inc., a Minnesota corporation; United HealthCare Insurance Company, a Connecticut corporation; Golden Rule Insurance Company, an Illinois corporation; United Healthcare Services, Inc., a Minnesota corporation; a PacifiCare Health Systems LLC, a Delaware corporation;

Defendants.

**CASE NO. 2:11-cv-285**

**Jury Trial Demanded**

**PLAINTIFFS LPL LICENSING, L.L.C. AND PHOENIX LICENSING, L.L.C.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs LPL Licensing LLC and Phoenix Licensing LLC (collectively, "LPL") seek leave of Court to file Plaintiff's First Amended Complaint, attached as Appendix A. The Amended Complaint differs from the operative Complaint in one way – it adds as another Defendant Liberty Mutual Group Inc. ("Liberty Mutual Group"), the parent company of previously named Defendant, Liberty Mutual Insurance Company ("LMIC").

**I. The facts.**

These are the facts relevant for deciding this motion:

- LPL's operative Complaint, filed on June 13, 2011, alleges that LMIC infringes LPL's '366 and '938 patents. Declaration of Sean Luner ("Luner Decl."), Ex. 1, ¶¶ 21, 43, 49.
- On October 11, 2011, LMIC's parent company, Liberty Mutual Group represented (1) that "Liberty Mutual Group provides the systems and uses the methods with respect to which [LPL] ha[s] accused LMIC of infringing the '938 and '366 patents," and (2) that "Liberty Mutual Group" is the "supplier of the accused systems and services to LMIC." Luner Decl., Ex. 2 at ¶ 25.[1]

In light of Liberty Mutual Group's representation, counsel for LPL sought the consent of

[1] Several months after LPL first filed this lawsuit accusing LMIC's systems and methods of infringing the '366 and '938 patents, Liberty Mutual Group filed a subsequent declaratory judgment complaint in the District of Columbia based on the identical systems and methods. Luner Decl., ¶ 3.

Liberty's counsel[2] to file an Amended Complaint that alleges that Liberty Mutual Group also infringes the '938 and '366 patent. Luner Decl., ¶ 5. Liberty Mutual Group refused. *Id*. Accordingly, LPL seeks leave of court. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave").

**II. LPL should be granted leave to amend its Complaint to include Liberty Mutual Group.**

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded."[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] district court's discretion to deny a litigant leave to amend under Federal Rule of Civil Procedure 15(a) … is limited because Rule 15 evinces a bias in favor of granting leave to amend." *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003) (internal quotations and citations omitted).

"[T]he court should consider several factors in exercising its discretion. … These factors include (1) whether permitting the amendment would cause undue delay or undue prejudice; (2) whether the movant is acting in bad faith or with a dilatory motive; (3) whether denying the amendment would prejudice the movant; and (4) whether the amendment adds substance or is germane to the original complaint." *Selman v. Wyeth-Ayerst Lab.*, 898 F. Supp. 429, 432 (E.D. Tex. 1999) (citing *Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984); *Foster v. Daon Corp.*,

---

[2] Liberty Mutual Group and LMIC are represented by the same attorneys. Luner Decl., ¶ 5.

[3] This District typically permits amendment of Complaints as a matter of right, without the need to seek leave of Court, at more advanced stages of litigation than we find ourselves here. Indeed, the template Docket Control Order includes a "Deadline to file amended pleadings without leave of Court, which shall be at least 30 days before the deadline for dispositive motions." Luner Decl., Ex. 3 (template Docket Control Order) at 3. However, because this case is at its preliminary stages, the parties have not yet submitted their proposed Docket Control Order that establishes this deadline. Without such an Order in place, LPL finds itself in the position where it believes it needs to file this motion for leave to amend pursuant to Rule 15(a). That is, somewhat ironically, LPL is seeking leave of Court to amend its Complaint, rather than amending by right, because it desires to amend at too early a date.

713 F.2d 148, 152 (5th Cir. 1983)).

Each of these four factors militates in favor of granting LPL leave to file its amended Complaint. The factors are addressed in turn.

**Factor 1: "whether permitting the amendment would cause undue delay or undue prejudice."**

Permitting the amendment will not cause (a) undue delay or (b) undue prejudice.

**(a) No "undue delay."**

Permitting the amended Complaint will not cause undue delay. This case is at its very early stages. The current defendants have just recently filed their Answers, and the Court has not entered a scheduling order. Accordingly, no changes to the schedule will need to be made to accommodate the amendment.

**(b) No "undue prejudice."**

Permitting the amended Complaint will not cause any prejudice (much less *undue* prejudice). A defendant would be prejudiced by the amended Complaint if the circumstances of the amendment hindered a defendant's ability to fully prepare its defenses to the new allegations. There is no prejudice here. No current defendant will be prejudiced by the amended Complaint because, for each defendant, the allegations in the amended Complaint are identical to the allegations in the original Complaint. New defendant Liberty Mutual Group will not be prejudiced by this Complaint because (1) its wholly owned subsidiary LMIC is already a defendant in this case, (2) the new allegations against Liberty Mutual Group are identical to the allegations against LMIC in the original complaint, and (3) Liberty Mutual Group is represented by the same attorneys as LMIC. Accordingly, the amended complaint will in no way deprive any defendant of fully forming its defenses.

**Factor 2: "whether the movant is acting in bad faith or with a dilatory motive."**

Plaintiff is not acting in bad faith or with a dilatory motive. To the contrary, Plaintiff is seeking to assert its patent against an infringer and obtain the relief to which it is entitled. In particular, Plaintiff is seeking to add Liberty Mutual Group to this lawsuit because (1) Plaintiff has already accused certain systems and services of LMIC of infringing LPL's '938 and '366 patents in this lawsuit, and (2) Liberty Mutual Group has represented that it is the "supplier of the [same] accused systems and services to LMIC." *See e.g., Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.") (holding that denial of motion to amend was an abuse of discretion).

**Factor 3: "whether denying the amendment would prejudice the movant."**

Denying the amendment would prejudice LPL. Based on Liberty Mutual Group's allegations, to fully enforce its rights against (and collect damages from) the Liberty parties, LPL would need to litigate two separate lawsuits focused on the identical infringing methods and systems – one lawsuit against LMIC concerning LMIC's infringing systems and methods, and another lawsuit against Liberty Mutual Group concerning the identical infringing systems and methods. Not only would this subject LPL to unnecessary additional expense and inconvenience, but it could also lead to inconsistent findings concerning LPL's patents.[4]

---

[4] The Liberty parties are already attempting to prejudice LPL in this way. As noted above, several months after LPL first filed this lawsuit accusing LMIC's systems and methods of infringing the '366 and '938 patents, Liberty Mutual Group filed a subsequent declaratory judgment complaint in the District of Columbia based on the identical systems and methods. Luner Decl., ¶ 3. LPL filed a motion to dismiss the duplicative second action in the District of Columbia, so that only one court (*i.e.,* this District, where the action was first filed) can properly address the duplicative issues. *Id.*; *see e.g., Ameritox, Ltd. v. Aegis Scis. Corp*., 2009 U.S. Dist. LEXIS 13305 (N.D. Tex. 2009) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed

**Factor 4: "whether the amendment adds substance or is germane to the original Complaint."**

The amendment is germane to the original complaint. As stated above, in the original complaint, Plaintiff accused certain systems and methods of LMIC of infringing LPL's '938 and '366 patents in this lawsuit. The proposed amendment merely extends these allegations to Liberty Mutual Group, which has represented that it "provides [to LMIC] the systems and uses the methods with respect to which [LPL] ha[s] accused LMIC of infringing the '938 and '366 patents." Luner Decl., Ex. 2 at ¶ 25.

* * *

In sum, all four factors favor granting LPL leave to file its Amended Complaint.

## III. Conclusion.

For the foregoing reasons, this Court should grant LPL leave to file the Amended Complaint attached to this motion as Appendix A.

---

cases involving substantially similar issues should proceed.") (*citing Save Power Ltd. v. Syntek Fin. Corp*., 121 F.3d 947, 950 (5th Cir. 1997)).

| Date: November 11, 2011 | Respectfully Submitted,<br><br>/s/Richard E. Lyon .<br>Gregory Scott Dovel<br>CA State Bar No. 135387<br>E-mail: greg@dovellaw.com<br>Sean A. Luner<br>CA State Bar No. 165443<br>E-mail: sean@dovellaw.com<br>Richard E. Lyon<br>CA State Bar No. 229288<br>Email: rick@dovellaw.com<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: (310) 656-7066<br>Facsimile: (310) 656-7069<br><br>S. Calvin Capshaw<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>114 E. Commerce Ave.<br>Gladewater, Texas 75647<br>Telephone: (903) 236-9800<br>Facsimile: (903) 236-8787<br>E-mail: ccapshaw@mailbmc.com<br>E-mail: ederieux@mailbmc.com<br><br>ATTORNEYS FOR PLAINTIFFS<br>PHOENIX LICENSING, L.L.C. and<br>LPL LICENSING, L.L.C. |
| --- | --- |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of November, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Richard E. Lyon

**CERTIFICATE OF CONFERNCE**

I hereby certify that Sean Luner, counsel for Plaintiffs, conferred with James Myers, counsel for Liberty Mutual Group Inc. and Liberty Mutual Insurance Company, regarding the foregoing motion.

/s/ Richard E. Lyon