# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>       Plaintiffs,<br>vs.<br><br>Aetna Inc., a Pennsylvania corporation; Aetna Life Insurance Company, a Connecticut corporation; Commerce Bancshares, Inc., a Delaware corporation; Commerce Bank, N.A., a national banking association; Cullen/Frost Bankers Inc., a Texas corporation; Frost National Bank, a national banking association; HSBC Finance Corporation, a Delaware corporation; HSBC Bank USA, N.A., a national banking association; HSBC Bank Nevada, N.A., a national banking association; HSBC Card Services, Inc., a Delaware corporation; HSBC Technology & Services, Inc.; a Delaware corporation; HSBC Credit Center, Inc., a Delaware corporation; Liberty Mutual Insurance Company, a Massachusetts corporation; Liberty Mutual Group Inc., a Massachusetts corporation; Metropolitan Life Insurance Company, a New York corporation; MetLife Bank N.A., a national banking association; Metropolitan Property and Casualty Insurance Company, a Rhode Island corporation; Mutual of Omaha Insurance Company, a Nebraska corporation; United of Omaha Life Insurance Company, a Nebraska corporation; United World Life Insurance Company, a Nebraska corporation; UnitedHealth Group, Inc., a Minnesota corporation; United HealthCare Insurance Company, a Connecticut corporation; Golden Rule Insurance Company, an Illinois corporation; United Healthcare Services, Inc., a Minnesota corporation; a PacifiCare Health Systems LLC, a Delaware corporation;<br><br>       Defendants. | CASE NO.  2:11-cv-285<br><br>**Jury Trial Demanded** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") sue Aetna Inc.; Aetna Life Insurance Company; Commerce Bancshares, Inc.; Commerce Bank, N.A.; Cullen/Frost Bankers Inc.; Frost National Bank; HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC Bank Nevada, N.A.; HSBC Card Services, Inc.; HSBC Technology & Services, Inc.; HSBC Credit Center, Inc.; Liberty Mutual Insurance Company; Liberty Mutual Group Inc.; Metropolitan Life Insurance Company; MetLife Bank N.A.; Metropolitan Property and Casualty Insurance Company; Mutual of Omaha Insurance Company; United of Omaha Life Insurance Company; United World Life Insurance Company; UnitedHealth Group, Inc.; United HealthCare Insurance Company; Golden Rule Insurance Company; United Healthcare Services, Inc.; and PacifiCare Health Systems LLC.

**Introduction**

1.     Plaintiff Phoenix owns the inventions for the following marketing technology (*i.e.*, the "patented marketing technology"):

  (a) Computerized apparatuses, methods, or systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client via client communications (for example, a direct mail communication incorporating variable information) as described and claimed in United States Patent Number 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the "'434 patent");

  (b) Apparatuses, methods, or systems that automatically prepare customized replies to responses, generated from marketing communications delivered to

    clients for products or services, such as financial products or services, as described and claimed in United States Patent Number 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent");

 (c) Apparatuses, methods, or systems that automatically generate personalized communication documents for financial products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in United States Patent Number 7,890,366 entitled "Personalized Communication Documents, System and Method for Preparing Same" (the "'366 patent"); and

 (d) Apparatuses, methods, or systems that automatically prepare client communications pertaining to financial products or services, where the client communications are for combined use with a corresponding host vehicle (for example, an account statement, bill, notice, or letter) as described and claimed in United States Patent Number 6,072,072 entitled "Method and Apparatus for Preparing Client Communications Involving Financial Products and Services" (the "'072 patent"). (The '434, '938, '366, and '072 patents are collectively referred to as the "Patents.")

 2. Pursuant to a license agreement dated December 1, 2006, Plaintiff LPL is the exclusive licensee of the Patents.

 3. Defendants (a) have used, and continue to use, Plaintiff Phoenix's patented marketing technology that they make, use, import, sell, and offer to sell, without Plaintiffs' permission; and (b) have contributed to or induced, and continue to contribute to or

2

induce, others to infringe the Patents.

4. Plaintiffs seek damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the patented marketing technology without Plaintiffs' permission.

### Jurisdiction and Venue

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

6. Within this judicial district each of the Defendants has committed acts and continues to commit acts that give rise to this action, including making sales of infringing products and offering for sale infringing products. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiffs Phoenix and LPL

7. Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business in Scottsdale, Arizona.

8. LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business in Scottsdale, Arizona.

**Defendants**

*Aetna*

9. Upon information and belief, Aetna Inc. is a Pennsylvania corporation with its principal place of business in Hartford, Connecticut.

10. Upon information and belief, Aetna Life Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut. (Aetna Inc. and Aetna Life Insurance Company are collectively referred to as "Aetna.")

*Commerce*

11. Upon information and belief, Commerce Bancshares, Inc. is a Delaware corporation with its principal place of business in Kansas City, Missouri.

12. Upon information and belief, Commerce Bank, N.A. is a national banking association with its principal place of business in Kansas City, Missouri. (Commerce Bancshares, Inc. and Commerce Bank, N.A. are collectively referred to as "Commerce.")

*Frost*

13. Upon information and belief Frost National Bank is a national banking association with its principal place of business at 100 West Houston St., San Antonio, Texas 78205.

14. Upon information and belief Cullen/Frost Bankers, Inc. is a Texas corporation with its principal place of business at 100 West Houston St., San Antonio, Texas 78205. (Frost National Bank and Cullen/Frost Bankers, Inc. are collectively referred to as "Frost.")

*HSBC*

15. Upon information and belief, HSBC Finance Corporation is a Delaware corporation with its principal place of business in Mettawa, Illinois.

16. Upon information and belief, HSBC Bank USA, N.A. is a national banking association with its principal place of business in McLean, Virginia.

17. Upon information and belief, HSBC Bank Nevada, N.A. is a national banking association with its principal place of business in Las Vegas, Nevada.

18. Upon information and belief, HSBC Card Services Inc. is a Delaware corporation with its principal place of business in Mettawa, Illinois.

19. Upon information and belief, HSBC Technology & Services, Inc. is a Delaware corporation with its principal place of business in Buffalo, New York.

20. Upon information and belief, HSBC Credit Center, Inc. is a Delaware corporation with its principal place of business in Mettawa, Illinois.  (HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC Bank Nevada, N.A.; HSBC Card Services, Inc.; HSBC Technology & Services, Inc.; and HSBC Credit Center, Inc. are collectively referred to as "HSBC.")

*Liberty*

21. Upon information and belief, Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

22. Upon information and belief, Liberty Mutual Group Inc. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. (Liberty Mutual Insurance Company and Liberty Mutual Group Inc. are collectively referred to as "Liberty.")

*MetLife*

23.     Upon information and belief, Metropolitan Life Insurance Company is a New York corporation with its principal place of business in New York, New York.

24.     Upon information and belief, MetLife Bank N.A. is a national banking association with its principal place of business in Bridgewater, New Jersey.

25.     Upon information and belief, Metropolitan Property and Casualty Insurance Company is a Rhode Island corporation with its principal place of business in Warwick, Rhode Island.  (MetLife, Inc.; Metropolitan Life Insurance Company; MetLife Bank N.A.; and Metropolitan Property and Casualty Insurance Company are collectively referred to as "MetLife.")

*Mutual of Omaha*

26.     Upon information and belief, Mutual of Omaha Insurance Company is a Nebraska corporation with its principal place of business in Omaha, Nebraska

27.     Upon information and belief, United of Omaha Life Insurance Company is a Nebraska corporation with its principal place of business in in Omaha, Nebraska.

28.     Upon information and belief, United World Life Insurance Company is a Nebraska corporation with its principal place of business in Omaha, Nebraska. (Mutual of Omaha Insurance Company, United World Life Insurance Company, and United of Omaha Life Insurance Company are collectively referred to as "Mutual of Omaha.")

*UnitedHealth*

29.     Upon information and belief, UnitedHealth Group, Inc. is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

30. Upon information and belief, United HealthCare Insurance Company is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

31. Upon information and belief, Golden Rule Insurance Company is an Illinois corporation with its principal place of business in Lawrenceville, Illinois.

32. Upon information and belief, United Healthcare Services, Inc. is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

33. Upon information and belief, PacifiCare Health Systems LLC is a Delaware corporation with its principal place of business in Cyprus, California. (UnitedHealth Group Inc.; United HealthCare Insurance Company; Golden Rule Insurance Company; United Healthcare Services Inc.; and PacifiCare Health Systems LLC are collectively referred to as "UnitedHealth.")

**First Claim for Patent Infringement**
**(infringement of the '434 patent)**

34. Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 33 above and further allege as follows:

35. The United States Patent and Trademark Office issued the '434 patent on November 16, 1999 for inventions covering the following marketing technology: computerized apparatuses, methods, or systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client (for example, a direct mail communication incorporating variable information), as described and claimed in the '434 patent. Attached as Exhibit A is a copy of the '434 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the patent.

7

36. Defendants Aetna, Commerce, HSBC, MetLife, Mutual of Omaha, and UnitedHealth have infringed, contributed to the infringement, and induced others to infringe the '434 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale Plaintiffs' patented marketing technology and by contributing to or inducing others to infringe the claims of the '434 patent without a license or permission from Plaintiffs.

37. Plaintiffs have been damaged by the infringement of the '434 patent by Defendants Aetna, Commerce, HSBC, MetLife, Mutual of Omaha, and UnitedHealth and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants Aetna, Commerce, HSBC, MetLife, Mutual of Omaha, and UnitedHealth are enjoined from continuing to infringe the '434 patent.

38. Plaintiffs are entitled to recover damages from Defendants Aetna, Commerce, HSBC, MetLife, Mutual of Omaha, and UnitedHealth as compensation for the infringement of the '434 patent.

39. Plaintiffs demand trial by jury of all issues relating to its claims regarding the '434 patent.

## Second Claim for Patent Infringement
### (infringement of the '938 patent)

40. Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 33 above and further alleges as follows:

41. The United States Patent and Trademark Office issued the '938 patent on February 14, 2006 for inventions covering the following marketing technology: apparatuses,

methods, or systems that automatically prepare customized replies to responses, generated from marketing communications delivered to clients for products or services, such as financial products or services, as described and claimed in the '938 patent. Attached as Exhibit B is a copy of the text of the '938 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent.

42. Defendants Aetna, Commerce, Frost, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth have infringed, contributed to the infringement, and induced others to infringe the '938 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale Plaintiffs' patented marketing technology and by contributing to or inducing others to infringe the claims of the '938 patent without a license or permission from Plaintiffs.

43. Plaintiffs have been damaged by the infringement by Defendants Aetna, Commerce, Frost, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth of the '938 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants Aetna, Commerce, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth are enjoined from continuing to infringe the '938 patent.

44. Plaintiffs are entitled to recover damages from Defendants Aetna, Commerce, Frost, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth as compensation for the infringement of the '938 patent.

45. Plaintiffs demand trial by jury of all issues relating to its claims regarding the '938 patent.

## Third Claim for Patent Infringement
### (infringement of the '366 patent)

46. Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 33 above and further alleges as follows:

47. The United States Patent and Trademark Office issued the '366 patent on February 15, 2011 for inventions covering the following marketing technology: apparatuses, methods, or systems that automatically generate personalized marketing communications for financial products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in the '366 patent. Attached as Exhibit C is a copy of the text of the '366 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '366 patent, including all rights to pursue and collect damages for past infringements of the patent.

48. Defendants Aetna, Commerce, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth have infringed, contributed to the infringement, and induced others to infringe the '366 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale Plaintiffs' patented marketing technology and by contributing to or inducing others to infringe the claims of the '366 patent without a license or permission from Plaintiffs.

49. Plaintiffs have been damaged by the infringement by Defendants Aetna, Commerce, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth of the '366 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless

Defendants Aetna, Commerce, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth are enjoined from continuing to infringe the '366 patent.

50. Plaintiffs are entitled to recover damages from Defendants Aetna, Commerce, HSBC, Liberty, MetLife, Mutual of Omaha, and UnitedHealth as compensation for the infringement of the '366 patent.

51. Plaintiffs demand trial by jury of all issues relating to its claims regarding the '366 patent.

### Fourth Claim for Patent Infringement
### (infringement of the '072 patent)

52. Plaintiffs incorporate by reference each of the allegations in paragraphs 1 through 33 above and further alleges as follows:

53. The United States Patent and Trademark Office issued the '072 patent on June 13, 2000 for inventions covering the following marketing technology: apparatuses, methods, or systems that automatically prepare client communications pertaining to financial products or services, where the client communications are for combined use with a corresponding host vehicle (for example, an account statement, bill, notice, or letter) as described and claimed in the '072 patent. Attached as Exhibit D is a copy of the text of the '072 patent. Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '072 patent, including all rights to pursue and collect damages for past infringements of the patent.

54. Defendant HSBC has infringed, contributed to the infringement, and induced others to infringe the ''072 patent and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale Plaintiffs' patented marketing

technology and by contributing to or inducing others to infringe the claims of the '072 patent without a license or permission from Plaintiffs.

55. Plaintiffs have been damaged by Defendant HSBC's infringement of the '072 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendant HSBC is enjoined from continuing to infringe the '072 patent.

56. Plaintiffs are entitled to recover damages from Defendant HSBC as compensation for the infringement of the '072 patent

57. Plaintiffs demand trial by jury of all issues relating to its claims regarding the '072 patent.

//
//
//
//
//
//
//
//
//
//
//
//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, contributing to the infringement of, or inducing others to infringe, LPL's Patents;

B. Compensatory damages for Defendants' infringement of LPL's Patents;

C. Costs of suit and attorneys' fees on the basis that this patent infringement case is exceptional;

D. Pre-judgment interest; and

E. All such other relief as justice requires.

|  |  |
|---|---|
| Date: November __, 2011 | Respectfully Submitted,<br><br>By: /s/ Elizabeth L. DeRieux<br>S. Calvin Capshaw, III<br>State Bar No. 03783900<br>Elizabeth L. DeRieux<br>State Bar No. 05770585<br>Capshaw DeRieux, LLP<br>1127 Judson Road, Suite 220<br>Longview, Texas 75601<br>(903) 236-9800 Telephone<br>(903) 236-8787 Facsimile<br>E-mail: ccapshaw@capshawlaw.com<br>E-mail: ederieux@capshawlaw.com<br><br>Gregory Scott Dovel<br>CA State Bar No. 135387<br>Email: greg@dovellaw.com<br>Sean A. Luner<br>CA State Bar No. 165443<br>sean@dovellaw.com<br>Richard E. Lyon<br>CA State Bar No. 229288<br>Email: rick@dovellaw.com<br>Dovel & Luner, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: (310) 656-7066<br>Facsimile: (310) 656-7069<br><br>ATTORNEYS FOR PLAINTIFFS<br>PHOENIX LICENSING, L.L.C. and<br>LPL LICENSING, L.L.C. |