UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIBERTY MUTUAL PERSONAL )
INSURANCE COMPANY, )
175 Berkeley St. )
Boston, Massachusetts 02116, )
and )
LIBERTY MUTUAL GROUP INC., )
175 Berkeley St. )
Boston, Massachusetts 02116, )
)
      Plaintiffs, )
)
v. )
)
PHOENIX LICENSING, L.L.C., )
10947 East Lillian Lane )
Scottsdale, Arizona 85255, )
and )
LPL LICENSING, L.L.C., )
10947 East Lillian Lane )
Scottsdale, Arizona 85255, )
)
      Defendants. )
)

Civil Action No. 1:11-cv-01507-JDB

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

1. Liberty Mutual Personal Insurance Company ("Liberty Mutual Personal") and Liberty Mutual Group Inc. ("Liberty Mutual Group") (collectively, "Plaintiffs") bring this action against Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") (collectively, "Defendants"), for a declaratory judgment that United States Patent Nos. 6,999,938 ("the '938 patent") and 7,890,366 ("the '366 patent") are invalid and/or not infringed by Plaintiffs.

## PARTIES

2. Plaintiff, Liberty Mutual Personal, is a corporation organized under the laws of Massachusetts, with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116.

3. Liberty Mutual Personal is an insurance company which markets, offers, and services insurance policies to individuals residing in Massachusetts.

4. Plaintiff, Liberty Mutual Group, is a corporation organized under the laws of Massachusetts, with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116.

5. Liberty Mutual Group is a holding company and the parent company of Liberty Mutual Personal. Under the brand name, "Liberty Mutual," Liberty Mutual Group handles certain marketing and customer service associated with insurance policies issued by other Liberty Mutual companies, including Liberty Mutual Personal.

6. Defendant Phoenix is an Arizona limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona 85255.

7. Defendant LPL is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona 85255.

8. Defendant Phoenix claims to own the '938 patent, entitled "Automated Reply Generation Direct Marketing System," which issued on February 14, 2006. The '938 patent generally relates to systems and methods for replying to inquiries regarding financial products and services

9. Defendant Phoenix claims to own the '366 patent, entitled "Personalized Communication Documents, System And Method For Preparing Same," which issued on February

15, 2011. The '366 patent generally relates to systems and methods for generating client communication documents involving financial products and services.

10. Defendant Phoenix also claims to own U.S. Patent Nos. 5,987,434 ("the '434 patent") and 6,076,072 ("the '072 patent"), which are related to the '938 patent and the '366 patent (collectively these four patents are referenced to as the "Phoenix patents" or "Phoenix patent portfolio").

11. Upon information and belief, Defendant Phoenix's principal business is the ownership, licensing, and enforcement of patents. Upon information and belief, Defendant Phoenix does not practice the Phoenix patents.

12. Defendant LPL is the exclusive licensee of the Phoenix patents. LPL acts as the licensing agent of its principal Phoenix in efforts to enforce and license the Phoenix patents.

13. Upon information and belief, Defendant LPL's principal business is licensing and enforcing patents owned by, and licensed from, Defendant Phoenix. Upon information and belief, Defendant LPL does not practice the Phoenix patents.

## JURISDICTION AND VENUE

14. The claims asserted in this Complaint arise under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a declaration by this Court that the '938 and '366 patents are invalid and/or not infringed by Plaintiffs.

15. This Court has jurisdiction over the claims asserted in this Complaint under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. This Court has personal jurisdiction over Defendants. Upon information and belief, Defendants' principal line of business is the licensing and enforcement of the patents

owned by Phoenix and licensed by Phoenix's exclusive licensee and licensing agent, LPL, and this business has been conducted in this judicial district. Defendants have purposefully directed and conducted activities related to their principal line of business within this judicial district, including, without limitation, negotiation of and efforts to negotiate licenses of the Phoenix patents (including the related patent applications that became the '938 patent and the '366 patent upon issuance), negotiation of and efforts to collect payments for past and future activities of financial services companies as compensation for patent infringement, and threats to enforce the Phoenix patents (including the '434 patent, the '072 patent and related patent applications later issued as the '938 patent and the '366 patent). The President of LPL and Phoenix, Richard Libman (the named inventor) met with at least one alleged infringer in Washington, D.C., to negotiate, threaten, and license the Phoenix patent portfolio. In addition, representatives of Defendants, including attorneys from the law firm Sterne, Kessler, Goldstein & Fox (including Mr. Cornwell and Mr. Sterne), have engaged in Defendants' principal line of business activity at multiple meetings with an alleged infringer in Washington, D.C., including participating in negotiations and enforcement threats in attempts to license the Phoenix patent portfolio.

17. Additionally, by asserting invalid patents that have not been infringed, upon information and belief, Defendants have caused injury to businesses operating within this judicial district that Defendants have accused of infringement. Upon information and belief, Defendants have also caused injury to customers within this judicial district of businesses who have purchased financial services subject to licenses to the invalid patents.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## BACKGROUND

19. Upon information and belief, Defendants have asserted infringement of the Phoenix patent portfolio against over at least two hundred (200) companies in the insurance and financial services industry over the past eight years.

20. On June 13 and 14, 2011, Defendants sued a total of eighty-five (85) insurance and financial services companies, in two separate lawsuits, for infringement of the Phoenix patents in the Eastern District of Texas.

21. On June 13, 2011, Defendants filed Case No. 2:11-cv-285 in the Eastern District of Texas, Marshall Division ("the Texas Action"), accusing twenty-six (26) companies of patent infringement with respect to the '938 and '366 patents, including Liberty Mutual Insurance Company ("LMIC"), a wholly-owned subsidiary of Liberty Mutual Group and a sister company of Liberty Mutual Personal. Liberty Mutual Personal is neither a direct or indirect subsidiary of LMIC nor a direct or indirect parent of LMIC. Neither Liberty Mutual Personal nor Liberty Mutual Group is a party to the Texas Action.

22. Liberty Mutual Personal does not do business in Texas and is not licensed to do business in Texas. Liberty Mutual Personal has no offices in Texas and no representatives that conduct business in Texas. Liberty Mutual Personal does not purposely avail itself of the benefits and protection of the laws of Texas. Thus, personal jurisdiction against Liberty Mutual Personal does not exist in Texas.

23. Liberty Mutual Personal shares with LMIC the systems, hardware, software, websites, and methods that LMIC uses to market, make offers, communicate with customers, and provide customer service as part of the insurance business (hereinafter referred to as "shared

resources"), which systems, software, websites, and methods have been accused by Defendants of infringing the '938 and '366 patents in the Texas Action.

24. Liberty Mutual Group operates the shared resources associated with insurance policies issued by Liberty Mutual Personal and by LMIC. Liberty Mutual Group does not underwrite or issue any insurance policies. After a prospective customer responds to a communication and provides appropriate underwriting information including state of residence, then an insurance policy is issued by one of the Liberty Mutual insurance companies approved to issue the requested insurance policy in the prospective policyholder's state of residence.

25. Liberty Mutual Group provides the systems and uses the methods with respect to which Defendants have accused LMIC of infringing the '938 and '366 patents in the Texas Action. Thus, based on the infringement allegations against LMIC in the Texas Action and Liberty Mutual Group's role as the supplier of the accused systems and services to LMIC, Liberty Mutual Group is reasonably apprehensive of claims of patent infringement against itself, including the prospect that Defendants would seek an injunction with respect to the accused systems and services that would prevent Liberty Mutual Group from providing the shared resources to LMIC, Liberty Mutual Personal and other Liberty Mutual affiliates.

26. In response to the original Complaint filed in this action, on October 2, 2011, Defendants made a unilateral "[covenant] not to sue Liberty [Mutual] Personal for past or future infringement of the Patents, including for damages or an injunction." This covenant not to sue is enforceable against Defendants, but does not eliminate an actual case or controversy between Liberty Mutual Personal and Defendants. Liberty Mutual Personal is reasonably apprehensive that a finding of infringement and an injunction against LMIC in the Texas Action, as sought by Defendants, would frustrate Liberty Mutual Personal's use of the shared resources provided by

Liberty Mutual Group. Thus, based on the patent infringement allegations against LMIC in the Texas Action, and Liberty Mutual Personal's use of shared resources with LMIC, Liberty Mutual Personal believes an actual controversy still remains, due to the claims of patent infringement, which satisfies the standards for declaratory judgment.

27. In light of the actions taken by Defendants against LMIC and other similarly situated insurance and financial services companies, as described in the foregoing paragraphs, Plaintiffs believe that an actual controversy exists between themselves and Defendants over whether the use of the shared resources have infringed, and are continuing to infringe, the '938 and '366 patents, and whether the patents are valid.

28. The controversy between Plaintiffs and Defendants, who have adverse legal interests, is substantial, immediate, and real. Plaintiffs are in the position of either pursuing arguably illegal behavior or abandoning that which they have a right to do.

29. This controversy is continuing and ongoing, and is ripe for resolution by this Court.

## COUNT I

### (Invalidity of the '938 patent)

30. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

31. One or more of the claims of the '938 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. To resolve the legal and factual questions raised by Plaintiffs and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiffs are entitled to a declaratory judgment that one or more of the claims of the '938 patent is invalid.

## COUNT II

### (Non-Infringement of the '938 patent)

33. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

34. Plaintiffs do not infringe any valid and enforceable claim of the '938 patent.

35. To resolve the legal and factual questions raised by Plaintiffs and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiffs are entitled to a declaratory judgment that Plaintiffs do not infringe any valid and enforceable claim of the '938 patent.

## COUNT III

### (Invalidity of the '366 patent)

36. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

37. One or more of the claims of the '366 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

38. To resolve the legal and factual questions raised by Plaintiffs and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiffs are entitled to a declaratory judgment that one or more of the claims of the '366 patent is invalid.

## COUNT IV

### (Non-Infringement of the '366 patent)

39. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

40. Plaintiffs do not infringe any valid and enforceable claim of the '366 patent.

41. To resolve the legal and factual questions raised by Plaintiffs and to afford relief from the uncertainty and controversy precipitated by Defendants, Plaintiffs are entitled to a declaratory judgment that Plaintiffs do not infringe any valid and enforceable claim of the '366 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. Declaring that each claim of the '938 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

B. Declaring that Plaintiffs have not infringed, and do not infringe, any valid and enforceable claim of the '938 patent;

C. Declaring that each claim of the '366 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

D. Declaring that Plaintiffs have not infringed, and do not infringe, any valid and enforceable claim of the '366 patent;

E. Enjoining Defendants and those in privity with Defendants from asserting the '938 patent against Plaintiffs and their representatives, agents, subsidiaries, customers, and vendors;

F. Enjoining Defendants and those in privity with Defendants from asserting the '366 patent against Plaintiffs and their representatives, agents, subsidiaries, customers, and vendors; and

G. Awarding Plaintiffs such other relief as is just and proper.

Respectfully submitted,

ROPES & GRAY LLP

Dated: October 11, 2011

By: /s/ James R. Myers
James R. Myers (D.C. Bar No. 231993)
Ropes & Gray LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-3948
(202) 508-4600

Attorneys for Plaintiffs,
Liberty Mutual Personal Insurance
Company and Liberty Mutual Group, Inc.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the dcd_cmecf@dcd.uscourts.gov inbox, and emailed and first-class mailed the filing to counsel of record for Defendants, Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C.

Dated: October 11, 2011

By: _____
James R. Myers