# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Phoenix Licensing, L.L.C., an Arizona limited liability company, and LPL Licensing, L.L.C., a Delaware limited liability company;<br><br>      Plaintiffs,<br><br>vs.<br><br>Aetna Inc., a Pennsylvania corporation; Aetna Life Insurance Company, a Connecticut corporation; Commerce Bancshares, Inc., a Delaware corporation; Commerce Bank, N.A., a national banking association; Cullen/Frost Bankers Inc., a Texas corporation; Frost National Bank, a national banking association; HSBC Finance Corporation, a Delaware corporation; HSBC Bank USA, N.A., a national banking association; HSBC Bank Nevada, N.A., a national banking association; HSBC Card Services, Inc., a Delaware corporation; HSBC Technology & Services, Inc.; a Delaware corporation; HSBC Credit Center, Inc., a Delaware corporation; Liberty Mutual Insurance Company, a Massachusetts corporation; MetLife, Inc., a Delaware corporation; Metropolitan Life Insurance Company, a New York corporation; MetLife Bank N.A., a national banking association; Metropolitan Property and Casualty Insurance Company, a Rhode Island corporation; Mutual of Omaha Insurance Company, a Nebraska corporation; United of Omaha Life Insurance Company, a Nebraska corporation; United World Life Insurance Company, a Nebraska corporation; Sovereign Bank, a federally chartered savings bank, UnitedHealth Group, Inc., a Minnesota corporation; United HealthCare Insurance Company, a Connecticut corporation; Golden Rule Insurance Company, an Illinois corporation; United Healthcare Services, Inc., a Minnesota corporation; and PacifiCare Health Systems LLC, a Delaware corporation;<br><br>      Defendants. | CASE NO. 2:11-cv-00285-DF<br><br>**JURY TRIAL REQUESTED**<br><br>**LIBERTY MUTUAL INSURANCE COMPANY'S SUR-REPLY TO PLAINTIFFS LPL LICENSING, L.L.C. AND PHOENIX LICENSING, L.L.C.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ................................................................................................................ 1

II. ADDING LIBERTY MUTUAL GROUP TO THIS CASE COMMENCES A NEW ACTION UNDER THE AIA AND VIOLATES THE AIA'S MISJOINDER RULES ................................................................................................................................ 1

    A. The Fifth Circuit's Holding In *Braud* Applies Beyond The CAFA ....................... 1

    B. Neither State Law Considerations Nor Fed. R. Civ. P. 3 Dictate A Different Result. ............................................................................................................................ 2

III. JOINDER OF LIBERTY MUTUAL GROUP WOULD VIOLATE THE AIA ................ 4

    A. AIA Section 299(a)(1) Precludes Joinder Of Liberty Mutual Group ..................... 4

    B. AIA Section 299(a)(2) Precludes Joinder Of Liberty Mutual Group ..................... 4

    C. AIA Section 299 Is Designed To Preclude This Type Of Misjoinder .................... 5

IV. CONCLUSION .................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                     **PAGE(S)**

*Braud v. Transp. Serv. Co. of Ill.*,
   445 F.3d 801 (5th Cir. 2006) ................................................................................1, 2, 3

*Innovative Automation, LLC v. Mediatechnics Sys., Inc.*,
   No. 11-cv-03410, 2011 U.S. Dist. LEXIS 126229 (N.D. Cal. Nov. 1, 2011) ...........................5

*Joe Comes & Riley Paint, Inc. v. Microsoft Corp.*,
   403 F. Supp. 2d 897 (S.D. Iowa 2005) ...................................................................3

*Miller v. M'Intyre*,
   31 U.S. 61 (1832)..................................................................................................2

*Tapp v. Shaw Envtl., Inc.*,
   401 Fed. App'x 930 (5th Cir. 2010) ......................................................................2

*United States v. Martinez*,
   195 U.S. 469 (1904)..............................................................................................2

**STATUTES**

Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011).......................1, 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 3 ........................................................................................................3

Pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule CV-7(f), Liberty Mutual Insurance Company ("LMIC") respectfully submits this Sur-Reply To Plaintiffs LPL Licensing, L.L.C. And Phoenix Licensing, L.L.C.'s (collectively, "LPL") Motion For Leave To File [A] First Amended Complaint (the "Motion").

## I.    INTRODUCTION

In *Braud v. Transport Service Co. of Ill.*, the Fifth Circuit held that "amendments that add a defendant 'commence' the civil action as to the added party."  445 F.3d 801, 804 (5th Cir. 2006).  Therefore, the proposed amended complaint would "commence" a new action as to Liberty Mutual Group *after* September 16, 2011—*i.e.*, after the effective date of the America Invents Act (the "AIA").  *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284, 332-333 (2011), Dkt. No. 125-1 at § 299(e).  As such, the amendment adding Liberty Mutual Group to this suit's throng of unrelated defendants is subject to, yet violates, the AIA's prohibition against misjoinder.  AIA § 299.  This Motion should be denied.

## II.    ADDING LIBERTY MUTUAL GROUP TO THIS CASE COMMENCES A NEW ACTION UNDER THE AIA AND VIOLATES THE AIA'S MISJOINDER RULES

### A.    The Fifth Circuit's Holding In *Braud* Applies Beyond The CAFA

Contrary to LPL's implication (Reply, Dkt. No. 132 at 2), the Fifth Circuit, in reaching its holding in *Braud*, did not rely on any intricacy of the Class Action Fairness Act (the "CAFA"), the intervening legislation at issue in that case.  Rather, the court based its holding on Supreme Court jurisprudence, which dictated the Fifth Circuit's decision.  LPL's argument that *Braud* is somehow limited to CAFA cases is thus unsupportable.  *Braud* applies to the case at hand.

In *Braud*, the Fifth Circuit stated: "Precisely because CAFA does not define 'commencement' of an action, *it is obvious that CAFA is not intended to replace caselaw deciding when a lawsuit is considered 'commenced' as to a new defendant*."  445 F.3d at 805

(emphasis added).  The "caselaw" referred to by the Fifth Circuit originates with the Supreme Court, and is not limited to the CAFA.  It is this caselaw, not the CAFA, which dictates the conclusion that amendments adding a new defendant commence the action as to the added defendant.  In fact, the Supreme Court, in considering a case under the *Indian Depredation Act*, not the CAFA, held that "a party brought into court by an amendment, and who has for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court"—*i.e.*, by the amended complaint.  *United States v. Martinez*, 195 U.S. 469, 472-73 (1904), *cited in Braud*, 445 F.3d at 805.[1]  Thus, the principle that "amendments that add a defendant 'commence' the civil action as to the added party" is clearly not limited to the CAFA, but rather derives from Supreme Court precedent unrelated to that Act.  Indeed, the Fifth Circuit has cited this principle in non-CAFA cases.  *See Tapp v. Shaw Envtl., Inc.*, 401 Fed. App'x 930, 932 (5th Cir. 2010) (noting, in a non-CAFA personal injury case, that "the addition of [a] new defendant commences the lawsuit as to it").[2]

      **B.    Neither State Law Considerations Nor Fed. R. Civ. P. 3 Dictate A Different Result**

Because LPL's proposed amendment would add a new party to this lawsuit, the amendment "commences" the litigation as to that newly joined party.  LPL's arguments regarding (1) Fed. R. Civ. P. 3 and (2) state law principles applied in aspects of the *Braud* decision do not suggest otherwise.  First, LPL argues that because its original complaint was filed before the effective date of the AIA, Fed. R. Civ. P. 3 dictates that the AIA does not apply.  Reply at 1-2.  Although Rule 3 states that a civil action is ***initially*** commenced by filing a

---

[1] Likewise, in *Miller v. M'Intyre*, the Supreme Court noted that it "would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice."  31 U.S. 61, 64 (1832).

[2] The district court cases cited by LPL (Reply at 2) are inapposite.  These cases do not concern intervening legislation or whether an amendment adding a new defendant 'commences' the action as to that defendant.  Rather, each of LPL's cited cases considered whether the addition of a defendant revived the right to removal or altered the first-served defendant rule.  Therefore, those cases are irrelevant to the case at issue here, which does not concern revival or the first-served defendant rule.

2

complaint (Fed. R. Civ. P. 3), in *Braud* the Fifth Circuit recognized that where an amendment seeks to add a new defendant to a civil action *that has already been initiated*, the case commences as to the new party on the amendment date.  445 F.3d at 804-05.  The non-precedential cases cited by LPL do not alter this holding.  Reply at 1.  To the contrary, the Southern District of Iowa case cited by LPL is entitled to no weight.  *Id.*  In *Joe Comes*, the Southern District of Iowa considered the CAFA and determined that adding a *new claim* by amendment does not commence a new action.  *Joe Comes & Riley Paint, Inc. v. Microsoft Corp.*, 403 F. Supp. 2d 897, 903 (S.D. Iowa 2005).  In *Braud*, however, the Fifth Circuit determined that adding a *new party* commenced the action as to that new party.  445 F.3d at 804-05.  Therefore, conflicting statements by a non-precedential court focusing on different amendment issues are entitled to no weight, in light of this circuit's explicit holdings in this regard.

Next, LPL argues that *Braud* does not apply to the present case because the Fifth Circuit applied state law to aspects of its opinion.  Reply at 2-3.  The Fifth Circuit's statement that state law (Louisiana) applies to the question of when a lawsuit is "initially 'commenced'" is irrelevant.  *Braud*, 445 F.3d at 803-04.  As the court made clear, this a "*distinct issue*" from the question of whether an amendment to the complaint commences a new suit as to the added defendant.  *Id.* ("[W]hen a lawsuit is initially 'commenced' for purposes of CAFA is determined by state law…. A distinct issue, however, is whether an amendment of the complaint through the addition of a new defendant 'commences' a new suit for purposes of CAFA.").  That the court applied state law to the first question (initial commencement) is irrelevant to the second (later commencement as to a newly added defendant).[3]

---

[3] Further, both Louisiana state law and Fed. R. Civ. P. 3 hold that a lawsuit is initially commenced upon filing a complaint.  *Braud*, 445 F.3d at 803-04.  Thus, this argument is especially unconvincing, as the same standard is applied under either set of rules.

3

### III. JOINDER OF LIBERTY MUTUAL GROUP WOULD VIOLATE THE AIA

#### A. AIA Section 299(a)(1) Precludes Joinder Of Liberty Mutual Group

LPL's argument that joinder of Liberty Mutual Group is permitted by Section 299(a)(1) of the AIA is flawed. Section 299(a)(1) states that accused infringers may be joined in one patent infringement action if:

> any right to relief is asserted *against the parties* jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence* … relating to the making, using, importing into the United States, offering for sale, or selling of *the same accused product or process*.

AIA § 299(a)(1) (emphasis added). In an interpretation contrary to this section's plain meaning, LPL argues that the "same transaction, occurrence … relating to … the same accused product or process" requirement does not exist with respect to *all* defendants. Reply at 3. In other words, LPL argues that because LMIC and Liberty Mutual Group may share the same accused product or process, it is irrelevant that 25 other, unrelated products or processes belonging to 25 other, unrelated defendants are also at issue in the litigation. But this reading is plainly wrong. Section 299(a)(1) concerns "any right to relief … against *the parties*." The antecedent "the" refers to those parties introduced in Section 299's preamble—*i.e.*, it refers to *all* "parties that are accused infringers [that] may be joined in one action as defendants." AIA § 299(a). Therefore, LPL must establish that the claim to Liberty Mutual Group involves the same product or process as *all* 26 entities, *i.e.*, the same product or process as "the parties" joined in the action. But it cannot.

#### B. AIA Section 299(a)(2) Precludes Joinder Of Liberty Mutual Group

LPL argues that its proposed joinder satisfies AIA Section 299(a)(2) because common questions of fact related to validity and reasonable royalties exist between all defendants.[4] Reply

---

[4] LPL also proposes that a common question of fact between all defendants concerns "whether similar alleged devices infringe." Reply at 4. But this is not common to all defendants, as the comparison of each defendant's product to any purportedly similar device will vary according to the specific similarities of the infringing device *vis-à-vis* each defendant's product.

4

at 3-4. However, this argument is prohibited by the AIA itself. Section 299(b) specifies that "accused infringers *may **not** be joined* in one action … based solely on allegations *that they each have infringed the patent*." AIA § 299(b) (emphasis added). LPL's purported common questions of fact—patent validity and reasonable royalty—relate solely to allegations that each defendant infringed the same patent, whose validity and economic value must be evaluated. Thus, LPL's argument violates Section 299(b) of the AIA and must fail. LPL also suggests that a California district court permitted amendment, despite this AIA provision, based on common questions of fact. Reply at 4-5. But this portrayal is misleading. In fact, the court's opinion ***did not consider the AIA*** at all. *See Innovative Automation, LLC v. Mediatechnics Sys., Inc.*, No. 11-cv-03410, 2011 U.S. Dist. LEXIS 126229 (N.D. Cal. Nov. 1, 2011). Indeed, the defendants in that case ***did not oppose*** the proposed amendment. *Id.* at *1. The case is thus inapposite.[5]

      **C.**     **AIA Section 299 Is Designed To Preclude This Type Of Misjoinder**

LPL's argument that the AIA permits cases against a parent and its subsidiary misses the mark. While the AIA may allow such cases, the amendment at issue here would join a parent corporation in a lawsuit with ***25 unrelated defendants***, in addition to its subsidiary. This is precisely the type of misjoinder the AIA is directed to prevent. *See* Opposition, Dkt. No. 125 at 5, 7. Try as it might, LPL cannot ignore the presence of 25 unrelated defendants in this lawsuit when considering the impact of the AIA's misjoinder provisions on this proposed amendment.

**IV.**     **CONCLUSION**

Because the proposed amendment would commence a new action as to Liberty Mutual Group, the Motion must be denied as contrary to the joinder provisions of the AIA.[6]

---

[5] Likewise, the AIA did not apply to the other cases cited by LPL. *See* Reply at 4 & 4 n.1. Thus, these cases are inapplicable.

[6] LPL notes that the District Court for the District of Columbia stayed briefing on the summary judgment motion filed by the Liberty Mutual entities in that case. Reply at 5 n.2. LMIC notes that this stay was entered ***after*** LMIC filed its Opposition to the present Motion.

Respectfully submitted,

Dated: January 6, 2012

By: */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

James R. Myers
Nicole M. Jantzi
ROPES & GRAY LLP
One Metro Center
700 12th Street
Washington, DC 20005
Telephone: (202)-508-4600
Facsimile: (202)-508-4650
James.Myers@ropesgray.com
Nicole.Jantzi@ropesgray.com

Jeanne C. Curtis
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212)-596-9000
Facsimile: (212)-596-9090
Jeanne.curtis@ropesgray.com

Attorneys for Defendant,
Liberty Mutual Insurance Company

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this Sur-Reply was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this 6th day of January, 2012.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth