IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF TEXAS
MARSHALL DIVISION

PHOENIX LICENSING, L.L.C. and LPL
LICENSING, L.L.C.,

                  Plaintiffs,

                  v.

AETNA INC, *et al.*

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  2:11-cv-00285-JRG

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this Protective Order (the "Order") to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

**1.** **Confidential Information.**   Upon a determination by any party or non-party from whom discovery is sought (the "Designating Party") that any document or thing being produced or disclosed, whether formally or informally, including, but not limited to,

      a. initial and supplemental disclosures;

      b. answers to interrogatories;

      c. documents;

      d. transcripts of depositions;

      e. responses to requests for admissions;

      f. invalidity contentions; and

g. any other discovery or disclosure made in this litigation,

includes any information that a Designating Party reasonably and in good faith believes

constitutes or discloses a trade secret or other proprietary or confidential business, technical,

sales, marketing, financial, or other commercial information that the Designating Party would

not disclose to third parties or that it would cause third parties to maintain in confidence, the

Designating Party may designate such document or thing "Confidential" (collectively

"Confidential Information").

Confidential Information may further include, but is not limited to:  technical

information such as product design and operation and manufacturing techniques or processing

information, trade secrets, formulas, research and development information, source code, object

code, sales and cost information, pricing information, patent license agreements, information that

was generated in connection with, or reveals the content of, patent licensing negotiations,

information that a party has treated as confidential and is not subject to public disclosure,

information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade

Secrets Act (1985), and any other information that would qualify as confidential pursuant to

Federal Rule of Civil Procedure 26(c) or any other legal standard.

**2.**      **Attorneys' Eyes Only Information**.  Upon a determination by the

Designating Party that any document or thing being produced or disclosed, whether formally or

informally, including, but not limited to, those items in ¶ 1(a) – (g) above, includes any

information that a Designating Party reasonably and in good faith believes constitutes or

discloses competitively sensitive information such as customer lists, customer-specific marketing

strategies, research and development information, market and competitive analyses, agent or

distributor lists, and financial information relating to the profitability of the Designating Party's

business, the Designating Party may designate such document or thing "Attorneys' Eyes Only" (collectively "Attorneys' Eyes Only Information" or "AEO Information").

AEO Information may further include, but is not limited to: technical information such as product design and operation and manufacturing techniques or processing information, trade secrets, formulas, research and development information, source code and object code, sales and cost information, pricing information, patent license agreements, information that was generated in connection with, or reveals the content of, patent licensing negotiations, information that a party has treated as confidential and is not subject to public disclosure, information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secrets Act (1985), and any other information that would qualify as confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

3.     **Outside Counsel Attorneys' Eyes Only Information.**  Upon a determination by the Designating Party that any document or thing being produced or disclosed, whether formally or informally, including, but not limited to, those items in ¶ 1(a) – (g) above, includes any information that a Designating Party reasonably and in good faith believes constitutes or discloses highly sensitive information regarding the technical operation of an accused process, machine, manufacture, or composition of matter, such as unpublished patent applications, invention disclosures, draft patent applications, patent prosecution materials, or trade secret documents, the Designating Party may designate such document or thing "Outside Counsel Attorneys' Eyes Only" (collectively "Outside Counsel Attorneys' Eyes Only Information").

4.     **Non-Parties.**  Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided by the non-party in connection with

this litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties.  All Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information of any non-party contained in such documents, depositions, and exhibits shall be protected hereunder in the same manner as the Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information of the parties to this lawsuit as long as the non-party agrees to be bound by this Order and those subsequent amendments to this Order.

    **5.**  **Designation.** The Designating Party shall identify Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL"; "ATTORNEYS' EYES ONLY" (which may be abbreviated "AEO"); or "OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" on all or any part of the document or thing.  Any summary, compilation, or copy of any document or thing designated as "CONFIDENTIAL," "AEO," or "OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" shall be treated as provided by this Order.  The "CONFIDENTIAL," "AEO," or "OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" designation shall, when practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 17.  An inadvertent failure to designate Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information shall be dealt with in accordance with the terms of ¶ 24.

    **6.**  **Use and Disclosure of Confidential Information.** Information or documents designated as "Confidential" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents

were disclosed (including appeals). No party, counsel, or other person receiving any document or thing that is designated as "CONFIDENTIAL" in accordance with ¶¶ 1, 4-5 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such Confidential Information to any other person or entity, except to the following:

a. This Court and its personnel consistent with the terms of ¶¶ 12 and 19.

b. In-house and Outside Counsel for the respective parties in any matter included in the above-captioned consolidated litigation, and their clerical, litigation support, and paralegal employees involved in the prosecution or defense of the litigation. As used herein "Outside Counsel" shall mean attorneys in the respective firms for the respective parties.

c. Any consultants, investigators, and experts retained by, or at the direction of, Outside Counsel solely for the purpose of advising and assisting such counsel in the preparation or trial of this action, subject to ¶¶ 13 and 14 (collectively, "Experts").

d. Court reporters taking testimony and their necessary stenographic, videographic, and clerical personnel.

e. Interpreters and translators retained by Outside Counsel for the purpose of this action, subject to ¶ 15.

f. Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury

research and analysis, provided that such personnel of third party vendors shall not be employees of a party.

      **7.**     **Use and Disclosure of AEO Information.**  Information or documents designated as "AEO" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  No party, counsel, or other person receiving any document or thing that is designated as "AEO" in accordance with ¶¶ 2, 4-5 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such AEO Information to any other person or entity, except to the following:

    a.  Outside Counsel for the respective parties in any matter included in the above-captioned consolidated litigation, and their clerical, litigation support and paralegal employees involved in the prosecution or defense of the litigation.

    b.  In-house counsel, litigation support, and/or paralegal employees directly involved in the prosecution or defense of this litigation, provided that such individuals execute the Confidentiality Agreement annexed hereto as Exhibit B ("Confidentiality B Agreement").  No disclosure of AEO Information shall be made to other employees who are not otherwise authorized to receive AEO Information under this Order, except parties may provide summaries of AEO Information to individuals in management who are responsible for litigation strategy for this litigation for the sole and exclusive purpose of evaluating litigation strategy for this litigation, provided that such individuals must

execute the Confidentiality B Agreement.  In-house counsel designated under this Order to receive AEO Information shall be as follows:

- Eric Meyers on behalf of Aetna Inc. and  Aetna Life Insurance Company;

- Thomas Noack on behalf of Commerce Bancshares, Inc. and Commerce Bank, N.A.;

-  Stan McCormick and Richard Reynolds on behalf of Cullen/Frost Bankers Inc. and Frost National Bank;

-  HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC Bank Nevada, N.A.; HSBC Card Services, Inc.; HSBC Technology & Services, Inc.; and HSBC Credit Center, Inc. do not designate any in-house counsel to receive AEO Information at this time but reserve the right to do so in the future.

- Liberty Mutual Insurance Company does not designate any in-house counsel to receive AEO Information at this time but reserve the right to do so in the future.

- Matthew Michaels on behalf of Metropolitan Life Insurance Company; MetLife Bank N.A.; and Metropolitan Property and Casualty Insurance Company;

- Susan Lewis on behalf of Mutual of Omaha Insurance Company; United of Omaha Life Insurance Company; United World Life Insurance Company;

- Apur Patel and Matthew Shors on behalf of UnitedHealth Group, Inc.; United HealthCare Insurance Company; Golden Rule Insurance Company; United Healthcare Services, Inc.; and PacifiCare Health Systems LLC.

- Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. do not designate any in-house counsel to receive AEO Information at this time but reserve the right to do so in the future.

c. Experts retained by, or at the direction of, Outside Counsel solely for the purpose of advising and assisting such counsel in the preparation or trial of this action, subject to ¶¶ 13 and 14.

d. This Court and its personnel consistent with the terms of ¶¶ 12 and 19.

e. Court reporters taking testimony and their necessary stenographic, videographic, and clerical personnel.

f. Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party.

**8.     Use and Disclosure of Outside Counsel Attorneys' Eyes Only Information.**  Information or documents designated as "Outside Counsel Attorneys' Eyes Only" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). No

7

party, counsel, or other person receiving any document or thing that is designated as "Outside Counsel Attorneys' Eyes Only" in accordance with ¶¶ 3-5 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such Outside Counsel Attorneys' Eyes Only Information to any other person or entity, except to the following:

    a.  Outside Counsel for the respective parties in any matter included in the above-captioned consolidated litigation, and their clerical, litigation support, and paralegal employees involved in the prosecution or defense of the litigation.

    b.  Experts retained by, or at the direction of, Outside Counsel solely for the purpose of advising and assisting such counsel in the preparation or trial of this action, subject to ¶¶ 13 and 14.

    c.  This Court and its personnel consistent with the terms of ¶¶ 12 and 19.

    d.  Court reporters taking testimony and their necessary stenographic, videographic, and clerical personnel.

    e.  Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party.

**9.**    **Undertaking.**  Prior to any disclosure pursuant to ¶¶ 6(c), 7(c), or 8(b) and authorized pursuant to ¶¶ 10 and 11, each testifying and consulting Expert to whom such disclosure is to be made shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality A Agreement"). In-house counsel to whom any disclosure is made pursuant

to ¶ 6(b) and each person to whom disclosures are made pursuant to ¶¶ 6(e), 6(f), 7(b), 7(f), or 8(e) shall execute the Confidentiality Agreement attached hereto as Exhibit B ("Confidentiality B Agreement").  The Confidentiality Agreements shall be maintained by Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they are retained, and such counsel shall provide a copy of each executed Confidentiality A or B Agreement to all counsel of record.  Further, prior to disclosure to any duly authorized deponent to whom disclosure is made pursuant to ¶¶ 6(f), 7(g), or 8(f), each such deponent shall execute, as appropriate, a Confidentiality A or B Agreement. Such Confidentiality Agreements executed by a deponent shall be retained by the party first noticing the deposition.

10.     **Outside Counsel's Communication with Client.**   Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information produced in this litigation, provided that such communications or advice shall not disclose or reveal such Confidential or AEO Information, except to individuals employed by or associated with the client as specifically enumerated in ¶¶ 6-7 above.

11.     **Disclosure to Author or Recipient.**   Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" to any person whom the document or thing clearly identifies as an author, addressee, or carbon copy recipient of such document or thing.  Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such

discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specially refers to such conduct or statement.  Nothing herein is intended to permit counsel to contact an employee of the other party or any other person who is represented by counsel.

> 12. **Filings with This Court.**   To the extent that any documents, information, or things designated as "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court in an envelope marked "SEALED."  The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL (or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" as appropriate) - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties or the Court and its personnel."

Notwithstanding the provisions of this ¶ 12, the mere inclusion in a pleading of factual information derived from documents or things designated "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" will not require that pleading be filed under seal if the parties agree in writing prior to filing the pleading that the factual information actually contained in that pleading would not itself be properly subject to such designation.

> 13. **Disclosure to Experts.**   Subject to ¶ 14, Outside Counsel for the Receiving Party may disclose Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to Experts who are assisting in the preparation for and/or trial of this action.  Prior to disclosing any Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to any Expert, outside Counsel for the Receiving Party shall determine that disclosure to an Expert of

particular Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information is, in that counsel's good faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

14.     **Opportunity to Object to Proposed Expert.**  At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to an Expert, the Receiving Party shall provide the Designating Party written notice stating the name and address of the Expert; a copy of the Expert's Confidentiality A Agreement; a copy of the Expert's current resume showing his/her education and employment for the last four (4) years; and a list of the Expert's patents and/or publications for the last ten (10) years (Expert's Background Information).

(a)     If, within the eight (8) business day period, the Designating Party objects to the proposed disclosure to the Expert, the Parties shall proceed to resolve the matter informally.  Within five (5) days of making an objection, the Parties shall agree on how to proceed or the objecting party may file a Motion with this Court identifying the ground for the objection and the Expert's background information.

(b)     Disclosure shall not be made until and unless this Court orders disclosure to that Expert.  This Court shall deny the Designating Party's objection unless the Designating Party shows good cause, by clear and convincing evidence, why the proposed disclosure should not be permitted.

(c)     If the objecting party does not file a Motion within five (5) days of making an objection to the disclosure, the objection shall be deemed waived and the Receiving Party shall be allowed to disclose the Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to the Expert.

(d)     In any event, the eight (8) business day period shall apply only to the initial disclosure of the Designating Party's Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to a particular Expert, and shall not prevent Outside Counsel for the Receiving Party from disclosing further information to that Expert that is, in that counsel's good faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

**15.     Opportunity to Object to Proposed Interpreter or Translator.**   At least eight (8) business days prior to disclosure of any of the Designating Party's Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to an interpreter or translator, the Receiving Party shall provide the Designating Party written notice stating the name and address of the interpreter or translator; a copy of the interpreter's or translator's Confidentiality B Agreement; and a copy of the interpreter's or translator's current resume showing his/her education and certifications, employment and professional activities.  If, within the eight (8) business day period, the Designating Party objects to the proposed disclosure to the interpreter or translator, disclosure shall not be made until and unless this Court orders disclosure to that interpreter or translator. This Court shall deny the Designating Party's objection unless the Designating Party shows good cause, by clear and convincing evidence, why the proposed disclosure should not be permitted.

**16.     Use of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information at Depositions.**  Except as otherwise approved by the Designating Party or by an order of this Court, a Receiving Party may use Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information in deposing only (a) an individual who has had or who is eligible to have access to the Confidential, AEO, or Outside Counsel Attorneys' Eyes Only

Information by virtue of his or her employment with the Designating Party, (b) an individual

identified in the Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information as an

author, addressee, or copy recipient of such information, (c) an individual who, although not

identified as an author, addressee, or copy recipient of such Confidential, AEO, or Outside

Counsel Attorneys' Eyes Only Information, has seen such Confidential, AEO, or Outside

Counsel Attorneys' Eyes Only Information in the ordinary course of business, or (d) an Expert

duly qualified under ¶¶ 13 and 14 (who shall first have executed the Confidentiality A

Agreement).

 **17.    Attendees at Confidential, AEO, or Outside Counsel Attorneys' Eyes**

**Only Information Depositions and Designations of Deposition Testimony.**  No one may

attend, view, or review the transcripts of the portions of any depositions at which Confidential,

AEO, or Outside Counsel Attorneys' Eyes Only Information is shown or discussed, other than

those persons authorized to have access to Confidential Information pursuant to ¶¶ 6(a)-(g), AEO

Information pursuant to ¶¶ 7(a)-(g), or Outside Counsel Attorneys' Eyes Only Information

pursuant to ¶¶ 8(a)-(f). Such depositions shall be designated as "CONFIDENTIAL," "AEO," or

"Outside Counsel Attorneys' Eyes Only" as soon as practicable by stating in the record or

providing all parties notice of such designation within thirty days after the transcript is delivered

to the party's Outside Counsel. Subject to the provisions of this Order, the parties agree that

certain deposition testimony may be transmitted via a live webcast or other technology to

persons authorized to have access to Confidential Information pursuant to ¶¶ 6(a)-(g), AEO

Information pursuant to ¶¶ 7(a)-(g), or Outside Counsel Attorneys' Eyes Only Information

pursuant to ¶¶ 8(a)-(f) if adequate procedures are utilized, which procedures will have been

agreed upon by the parties and the applicable witnesses no later than five (5) days prior to the

deposition. Nothing in this Order shall prevent any Party from viewing or attending a deposition involving that Party's own Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information.

**18.     Distribution of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information Transcripts.**  The portions of any deposition transcript that Outside Counsel for either party has designated on the record at the deposition as "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" and any Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that is marked as a deposition exhibit shall be treated as Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Outside Counsel Attorneys' Eyes Only Information for thirty days after the transcript is delivered to the party's Outside Counsel. During the thirty day period, Outside Counsel for the party designating a transcript "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" may remove the "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" designation of any portion of the deposition transcript, by indicating page and line numbers (insofar as practicable). During that thirty day period, Outside Counsel for the party may designate all or part of a transcript "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" by providing notice to all parties of such designation. After the thirty day period, transcripts will be deemed not to have a confidentiality designation unless they were given a confidentiality designation during either the deposition or the thirty day period.  Transcript pages and exhibits containing Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information shall be distributed only to individuals authorized to receive Confidential Information pursuant to ¶¶

6(a)-(g), AEO Information pursuant to ¶¶ 7(a)-(g), or Outside Counsel Attorneys' Eyes Only Information pursuant to ¶¶ 8(a)-(f).

19.     **Presentation of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to This Court.**  With respect to testimony elicited during hearings and other proceedings, including trial and pre-trial proceedings, whenever Outside Counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information, Outside Counsel may designate on the record prior to such disclosure that the disclosure is "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only." Any presentation of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to this Court prior to trial shall be made in the presence of only those individuals authorized to receive Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information under this Order. Prior to any presentation of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information to this Court, the presiding officer or the Clerk of this Court shall advise all court personnel and court reporters of the highly confidential nature of the Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information, and of the duty to maintain the confidentiality of such information.

20.     **Source Code or Object Code.**  Any party producing computer source code or object code ("Source Code Material") may, at its option, designate the Source Code Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  For materials designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be

connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 20 (h and k) below. Additionally, except as provided in paragraph 20(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to

---

[1]     For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

paragraph 9 above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

      (f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

      (g)     Except as set forth in paragraph 20(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

      (h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

      (i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

      (j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such

outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 20(e) above to another person authorized under paragraph 20(e) above, on paper or removable electronic media (*e.g*., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 20(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

**GENERAL PROVISIONS**

**21.     Limitation on Use and Disclosure.**  A person authorized to receive Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information under this Protective Order shall not use or disclose Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information for any purpose other than the preparation and trial of the above-captioned litigation and, in the event such litigation becomes unconsolidated, any member case thereof, and any

appeals therefrom. This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

22.     **No Presumption of Protected Status.**  This Order does not address discovery objections and does not preclude any party from moving for any relief under the Federal Rules of Civil Procedure or this Court's inherent powers. Nothing in this Order creates a presumption or implies that information designated as Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information actually constitutes a trade secret, or proprietary or otherwise protectable confidential information.  If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that is subject to such a dispute shall be treated consistently with its designation by the Designating Party until this Court orders otherwise.

Upon contesting the designation and within five (5) days of receiving notice thereof, the party seeking to preserve the designation shall come forth with specific reasons it believes in good faith to provide for the basis of the contested confidentiality.  If the parties cannot resolve the designation contest, the party seeking protection under this Order shall within ten (10) days of receiving notice file under seal, as provided under ¶ 12, a Motion with this Court identifying with specificity the information sought to maintain as confidential and the reasons therefor.

23.     **Inadvertent Disclosure of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information.**  Inadvertent failure to identify documents or things as Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is

asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time,

arrangements shall be made for the Designating Party to appropriately mark the information in

accordance with this Order, and the Receiving Party will retrieve all documents and things from

all non-permissioned persons under the Receiving Party's control that have received the

information.  The Receiving Party shall have no liability, under this Order or otherwise, for any

disclosure of information contained in documents or things not bearing a confidentiality legend

occurring before the Receiving Party was placed on notice of the Designating Party's claims of

confidentiality.

### 24.    Inadvertent Disclosure of Work Product or Privileged Information.

Inadvertent production of documents or things subject to work-product immunity or the attorney-

client privilege shall not constitute a waiver of the immunity or privilege, provided that the

Producing Party shall notify the Receiving Party in writing of such inadvertent production within

ten (10) days after the earlier of (a) the Producing Party's discovery of the inadvertent production

or (b) its use in pleadings, motions or deposition testimony by the Receiving Party.  Such

inadvertently produced documents and things and all reproductions thereof shall either be

returned to the Producing Party or destroyed upon request of the Producing Party.  The

Receiving Party shall not use the inadvertently produced documents and things for any purpose,

other than to challenge the Producing Party's claim of privilege with respect to the inadvertent

production. If the Receiving Party wishes to challenge the Producing Party's claim of privilege,

the parties are to confer and if after conferring the parties are unable to reach a satisfactory

agreement, the Producing Party may move this Court regarding the matter, but must do so within

ten (10) days after conferring with the Receiving Party.  The Receiving Party shall not disclose

to any person the document or thing for which the belated claim of immunity or privilege is

being made, other than as necessary to move the Court regarding the matter, until the disposition

of any such motion. The parties shall, in accordance with the Scheduling Order in this matter,

designate attorney-client privileged or work product information in a privilege log.

25.     **Subpoena of Confidential, AEO, or Outside Counsel Attorneys' Eyes**

**Only Information.**   All confidential, AEO, or Outside Counsel Attorney's Eyes Only

Information in the possession, custody, or control of any receiving party shall be kept

confidential unless disclosure of said Information is required by law, rule, or regulation.

Notwithstanding, if any entity subpoenas, any court orders production, or any entity requests

discovery of Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that a

Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the

Designating Party of the subpoena, order, or discovery request and shall not produce the

information until the Designating Party has had reasonable time (at least ten (10) days) to object

or take other appropriate steps to protect the information.

26.     **Mutual Exchange of Confidentiality Agreements.**   The parties shall

mutually exchange copies of all signed Confidentiality B Agreements.  Confidentiality A

Agreements of Proposed Experts shall be exchanged as provided in ¶ 14.

27.     **Duty to Report.**   When any attorney of record in this action or any

attorney who has executed or filed a Confidentiality B Agreement becomes aware of any

violation of this Order, or of a Confidentiality A or B Agreement, or of facts constituting good

cause to believe that a violation of this Order (or such Confidentiality Agreements) may have

occurred, such attorney shall promptly report any such violation to this Court and to Outside

Counsel for the Designating Party.

28.     **Continuing Jurisdiction.**  After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information pursuant to this Order, in order to enforce the provisions of this Order.

29.     **Modification.**  The Court may modify this Order upon a showing of good cause.

30.     **Duty to Return Documents and Things.**  Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action and the underlying individual actions or the complete settlement of all claims asserted against all parties in this action, each party and all persons who received documents pursuant to ¶¶ 6-8 shall, at its option, either return to the Designating Party or destroy all physical objects and documents that were received from the Designating Party that embody information that has been designated "CONFIDENTIAL," "AEO," or "Outside Counsel Attorneys' Eyes Only" and shall destroy in whatever form stored or reproduced all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work-product materials that contain or refer to information that has been designated as "CONFIDENTIAL," "AEO," or Outside Counsel Attorneys' Eyes Only."  Outside Counsel for any party or non-party receiving Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action and the underlying individual actions or the complete settlement of all claims asserted against all parties in the above-captioned action.  Counsel of record may retain one set of all papers filed

with the Court including any Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information filed under seal.

31.    **Interpretation; Headings.**  Should the parties have any issues concerning the interpretation of this Order, they shall endeavor to promptly meet and confer to resolve the dispute before any party moves for this Court's assistance. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

32.    **Limitations of Order.**  The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)    was, is, or becomes public in a manner other than by violation of this Order or another Protective Order concerning the litigation of Phoenix Licensing, L.L.C.'s and LPL Licensing, L.L.C.'s patents;

(b)    is acquired by the non-designating party from a third party having the right to disclose such information or material;

(c)    was already lawfully possessed by the non-designating party before the disclosure by the Designating Party; or

(d)    was independently developed by the non-designating party by personnel who did not receive or have access to the Designating Party's Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information.

33.    **Preparation and Prosecution of Patent Applications**. Any person who received any material or information designated as "Outside Counsel Attorneys' Eyes Only" and/or "Restricted Confidential Source Code" by another party and any person who received a summary pursuant to ¶ 7(b) of this Order of any material or information designated as "AEO" by another party shall not participate, or assist, in the prosecution of a patent application, a divisional, a continuation,

a continuation in part, a re-issue, or foreign counterparts related in any way to the patents-in-suit or the subject matter of the patents-in-suit from the time of receipt of such material or information until two (2) years after final resolution of this litigation with respect to the receiving party, including appeals, or dismissal of the receiving party from the litigation, whichever is earlier.  For purposes of this paragraph, "prosecution" means drafting, amending, advising on, or reviewing any patent applications or claims relating to the material or information designated "Outside Counsel Attorneys' Eyes Only" and/or "Restricted Confidential Source Code."  Nothing in this paragraph shall be construed to in any way limit the right of any Outside Counsel for any Defendant to participate in re-examination of the patents-in-suit or any other patent related in any way to the subject matter of the patents-in-suit.

     **34.**    Nothing in this agreement shall require a Producing Party to provide information identifying or relating to a particular customer, potential customer, or other non-employee of the Producing Party.  All such information may be redacted to ensure the privacy of such persons.

    **So ORDERED and SIGNED this 10th day of May, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C.,** | ) ) ) | **CASE NO.:  2:11-cv-00285-JRG** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | |
| **AETNA INC, *et al.*** | ) ) | |
| **Defendants.** | ) ) ) | |

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR EXPERTS RECEIVING CONFIDENTIAL, AEO, OR OUTSIDE COUNSEL ATTORNEYS' EYES ONLY INFORMATION**

I, _____, state the following:

1.    I have been retained by _____ [party] to serve as a [describe proposed area of expertise, such as "database," "network process" or "financial"] in the above-captioned action.

2.    My address is _____

_____

3.    My present employer is and the address of my present employment is __

_____

4.    My present occupation or job description is: _____

25

_____

5.      I have received a copy of the Protective Order in this lawsuit and I have carefully read and understood the provisions of this Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that is disclosed to me.

8.      I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, the nature of any Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.      I will return all Confidential, AEO, or Outside Counsel Attorneys' Eyes Only Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

10.     If I am given access to Source Code Material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," I agree to abide by all terms of the Protective Order concerning such Source Code Material.

11.     I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

Signature_____

Printed Name _____

Address _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PHOENIX LICENSING, L.L.C. and LPL**<br>**LICENSING, L.L.C.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**AETNA INC,** *et al.*<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CASE NO.:  2:11-cv-00285-JRG** |

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT** I, _____ , state the following:

1.     My address is _____

_____

2.     My present employer is and the address of my present employment is____

_____

3.     My present occupation or job description is: _____

_____

4.     I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of this Protective Order.

5.     I will comply with all of the provisions of the Protective Order.

27

6.      I attest to my understanding that access to information designated as "CONFIDENTIAL," "AEO," or "OUTSIDE COUNSEL ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to this Court's powers of supervision of the litigation and contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality B Agreement.

7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

**Signature**_____

**Printed Name** _____

**Address** _____