## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C., | ) ) ) | CASE NO.:  2:11-cv-00285-JRG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AETNA INC, *et al.* | ) ) | |
| Defendants. | ) ) ) | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.    **Disclosures.**  Except as provided by paragraph 1(h), and, to the extent not already disclosed, by July 18, 2012 each party shall disclose to every other party the following information:

    (a)    the correct names of the parties to the lawsuit;

    (b)    the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of

        relevant facts, a brief statement of each identified person's connection with the

        case, and a brief, fair summary of the substance of the information known by any

        such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying

        on an insurance business may be liable to satisfy part or all of a judgment entered

        in this action or to indemnify or reimburse for payments made to satisfy the

        judgment;

(f)     any settlement agreements relevant to the subject matter of this action;

(g)     any statement of any party to the litigation;

(h)     for any testifying expert, by the date set by the court in the Docket Control Order,

        each party shall disclose to the other party or parties:

        a.      the expert's name, address, and telephone number;

        b.      the subject matter on which the expert will testify;

        c.      if the witness is retained or specially employed to provide expert

                testimony in the case or whose duties as an employee of the disclosing

                party regularly involve giving expert testimony:

                (a)     all documents, tangible things, reports, models, or data

                        compilations that have been provided to, reviewed by, or prepared

                        by or for the expert in anticipation of the expert's testimony; and

1

(b)  the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.[1]

d.  for all other testifying experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information.

e.  testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case (except if the testifying expert has relied on an interview in his expert report, declaration, or affidavit, then all notes, summaries of the testifying expertor transcripts relating to that interview shall be discoverable).  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.  No conversations or communications between

---

[1]  Sections 1(h)(c) and (d) of this Discovery Order are subject to any limitations regarding discovery relating to testifying and non-testifying experts set forth in the Stipulated Protective Order in this matter.

counsel and any testifying or consulting expert will be subject to discovery

unless the conversations or communications are relied upon by such

experts in formulating opinions that are presented in reports, trial or

deposition testimony in this case.  Materials, communications (including

e-mail), and other information exempt from discovery under this

paragraph shall be treated as attorney-work product for the purposes of

this litigation.

2.      **Protective Orders.**  The parties have filed concurrently herewith an agreed protective

order.

3.      **Additional Disclosures.**  Each party, without awaiting a discovery request, shall provide,

to the extent not already provided, the following:

(a)      the disclosures required by the Patent Rules for the Eastern District of Texas;

(b)      by January 22, 2013, electronically stored information, and tangible things in the

possession, custody, or control of the party that are relevant to the pleaded claims

or defenses involved in this action, except to the extent these disclosures are

affected by the time limits set forth in the Patent Rules for the Eastern District of

Texas.  By written agreement of all parties, alternative, forms of disclosure of

documents may be provided in lieu of paper copies. For example, the parties may

agree to exchange images of documents electronically or by means of computer

disk; or the parties may agree to review and copy disclosure materials at the

offices of the attorneys representing the parties instead of requiring each side to

furnish paper copies of the disclosure materials.  The parties reserve the right to

move the Court or enter a stipulation that modifies the deadlines for, or limits the

scope of, documents that must be produced;

(c)     by November 12, 2012, a complete computation of any category of damages

claimed by any party to the action, making available for inspection and copying as

under Rule 34, the documents or other evidentiary material on which such

computation is based, including materials bearing on the nature and extent of

injuries suffered.[2]

4.     **Discovery Limitations.**

(a)     20 common interrogatories for each side.  ("Side" means a party or group of

parties with a common interest.)  In addition to the 20 common interrogatories for

each side, each defendant shall be permitted to serve an additional 10

interrogatories on plaintiffs, and plaintiffs shall be permitted to serve an additional

10 interrogatories on each defendant.  (For purposes of  this Discovery Order,

"defendant" means each party sued by plaintiffs; however, to the extent that two

or more parties sued by plaintiffs are related companies, each group of related

companies shall be considered a single defendant.)

(b)     20 common requests for admission per side, except that requests for admission

directed to admissibility issues shall be unlimited.  In addition to the 20 common

requests for admission for each side, each defendant shall be permitted to serve an

additional 10 requests for admission on plaintiffs, and plaintiffs shall be permitted

to serve an additional 10 requests for admission on each defendant.

---

[2]     This disclosure requirement does not override the timing of disclosing expert
analysis or calculations of damages pursuant to the deadline set by the Docket Control Order.

(c)     With regards to fact depositions, the following shall be the maximum allowable depositions:  (i) 21 hours of 30(b)(6) depositions of each defendant and 21 hours of 30(b)(6) depositions of plaintiffs; (ii) 75 hours of additional fact depositions for each side (3rd party and Rule 30(b)(1) depositions).  All witnesses under the control of any specific defendant group shall not be deposed by plaintiffs for more than 20 hours of Rule 30(b)(1) deposition time, and all witnesses under the control of plaintiffs shall not be deposed by any specific defendant group for more than 20 hours of Rule 30(b)(1) deposition time.   Experts shall be deposed for a maximum of 10 hours each, and non-expert 30(b)(1) witness shall be deposed for a maximum of 7 hours each.

Paragraph 4 is based upon a current understanding of the case and the issues, and the parties reserve their abilities to request additional time, as needed. If a party needs additional time, the party may move the Court to grant additional time with a showing of good cause for the request.  The depositions shall be conducted at a mutually agreeable place and location in the United States, unless good cause exists to conduct a deposition outside the United States due to illness or similar reason.  Unless otherwise agreed, depositions of defendants and their employees shall take place in the same city as or near that party's principal place of business. The parties agree that there are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.  The parties agree to work out a mutually agreeable scope of discovery in this case, and will attempt to delineate a mutually agreeable scope concerning relevant evidence (at the bare minimum, each side will specifically delineate, prior to any production deadline,

that which they believe to be relevant so that impasses, if any, can be mutually

agreeably resolved or brought to the Court's attention for ruling), electronically

stored information, and other issues.

5.    **Electronic Discovery.**  The parties are conferring regarding the electronic records and e-

discovery limits and protocols.  The parties will submit either (i) an agreed upon

electronic discovery order or (ii) competing electronic discovery protective orders within

thirty (30) days from the entry of a Discovery Order in this case.

6.    **Privileged Information.**  There is no duty to disclose privileged documents or

information.  By June 7, 2013, the parties shall exchange privilege logs identifying the

documents or information and the basis for any disputed claim of privilege in a manner

that, without revealing information itself privileged or protected, will enable the other

parties to assess the applicability of the privilege or protection.  Unless good cause is

shown, the parties shall not be required to log any privileged documents created on or

after the commencement of this lawsuit.  Any party may move the Court for an order

further limiting the privileged documents that the party is required to log.  Any party may

move the court for an order compelling the production of any documents or information

identified on any other party's privilege log. If such a motion is made, the party asserting

privilege shall respond to the motion within the time period provided by Local Rule CV-

7. The party asserting privilege shall then file with the Court within 30 days of the filing

of the motion to compel any proof in the form of declarations or affidavits to support

their assertions of privilege, along with the documents over which privilege is asserted

for *in camera* inspection. If the parties have no disputes concerning privileged documents

or information, then the parties shall inform the court of that fact by June 14, 2013.

7.     **Pre-trial disclosures.**  Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a)     The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b)     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c)     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

8.     **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time

it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

9.      **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10.     **Disputes.**

(a)      Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)     In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

12.     **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

   **So ORDERED and SIGNED this 23rd day of May, 2012.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

9