IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PHOENIX LICENSING, LLC and | § | |
| LPL LICENSING, LLC | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:11-CV-285-JRG |
| | § | |
| AETNA, INC., *et al.*, | § | |
|     Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is Plaintiffs Phoenix Licensing, LLC and LPL Licensing, LLC's ("Phoenix") Motion for Leave to File a First Amended Complaint (Dkt. No. 119). For the reasons discussed below, Phoenix's Motion is **DENIED.**

**II.    Factual and Procedural Background**

On June 13, 2011, Phoenix filed a Complaint alleging patent infringement against several named defendants, including Liberty Mutual Insurance Company ("LMIC"). (Dkt. No. 1). On November 11, 2011, Phoenix filed a Motion for Leave to File a First Amended Complaint (Dkt. No. 119) in order to add Liberty Mutual Group, Inc. ("LMG") as a defendant. LMG opposed this Motion. (Dkt. No. 125).

In its Complaint, Phoenix alleges the Defendants collectively infringe four patents: U.S. Patent No. 5,978,434 (the "'434 patent"), U.S. Patent No. 6,999,938 (the "'938 patent"), U.S. Patent No. 7,890,366 (the "'366 patent"), and U.S. Patent No. 6,076,072 (the "'072 patent"). Dkt. No. 1 ¶1. Phoenix alleges LMIC has infringed only the '938 and the '366 patents. Dkt. No. 1 ¶¶37, 43, 49, 55. In seeking to add LMG, Phoenix argues LMG too has infringed the '938 and

'366 patents as well by providing "the systems and [using] the methods with respect to which [Phoenix] ha[s] accused LMIC of infringing the '938 and '366 patents,' and [ ] that 'Liberty Mutual Group' is the 'supplier of the accused systems and services to LMIC.'"  Dkt No. 119 at 2, Dkt. No. 119, Ex. 2 ¶25.

### III.  Applicable Law

Whether to grant leave to amend a complaint to join a new defendant lies with the Court's discretion, and, as a general matter, should be decided "on just terms."  Fed. R. Civ. P. 15, 21.  In this case, Parties disagree on two issues.  First, Phoenix disagrees with LMG's argument that the filing of an additional party "commences" the law suit and subjects it to the joinder rules of the AIA.  Second, Parties disagree as to whether joinder is appropriate under either the AIA or Federal Rule of Civil Procedure 20.

### IV.  Analysis

First, the Court will address whether joinder is appropriate.  Plaintiff argues that the AIA does not apply to the addition of LMG because the suit was instituted before the AIA was signed into law.  LMG argues that the suit was commenced, as to it, at the filing of the instant motion for leave to amend, which is after the effective date of the AIA.  However, whether the AIA joinder provision applies to a defendant joined via an amended complaint filed after September 16, 2011 is of no consequence in the present case because under both the AIA and Rule 20, the addition of LMG is not proper since the claims against it are not common with all defendants already named in the case.

The AIA clearly requires an additional party to have sufficient facts in common with all defendants beyond sole allegations of patent infringement.  35 U.S.C. § 299 (West 2011).  Additionally, Rule 20, as clarified by the Federal Circuit's decision in *In re EMC*, requires that

facts underlying the claim of infringement asserted against each defendant share an "aggregate of operative facts." *In re EMC,* 677 F.3d 1351, 1359 (Fed. Cir. 2012).

LMG may have sufficient facts in common with LMIC, but it does not with the other Defendants. While Phoenix is correct in noting the commonality of the claims, examples of prior art, and more, this is insufficient. Section 299(b) clearly states that the common question of fact must extend beyond the allegations of patent infringement. As discussed in the Statement of Facts, LMG is accused of infringing the same two patents as LMIC, but not the remaining two that Phoenix has accused other defendants of infringing.

Phoenix has not sufficiently shown the presence of the other factors discussed by the Federal Circuit in the *In re EMC* decision. Although not explicitly stated in the complaint, it appears that the alleged infringements occurred during the same time period. However, there is no evidence of any relationship among the defendants, the use of identically sourced components, any licenses or other agreements between the Defendants with regard to Plaintiff's patents, or any overlap of the products' or processes' development and/or manufacture. Additionally, Phoenix does not explicitly include a claim for lost profits in its Complaint and instead merely claims "Plaintiff has been damaged by the infringement by Defendants…" *See e.g.* Dkt. No. 1 ¶44.

In conclusion, LMG does not share sufficient facts, beyond the allegations of patent infringement, with the other twenty-five defendants necessary to warrant joinder under the AIA or Rule 20. Accordingly, under both Rule 20 (as clarified by *In re EMC* as to pre-AIA cases) and the AIA joinder provisions under § 299, LMG may not properly be joined to this action.

Because joinder of LMG is inappropriate under the AIA or Rule 20, Plaintiff's Motion for Leave to Amend its Complaint to add LMG as a party is hereby **DENIED.**

## V.        Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to File its First Amended Complaint (Dkt. No. 119).  The parties should not that the Court intentionally does not address the issue of whether severance and/or consolidation are appropriate in this case.  Such issues are not before the Court and, at present, none of the defendants have affirmatively sought an order from this Court severing this case as among the several defendants.  Accordingly, the Court limits its ruling herein to the only issue properly before it at this time, Plaintiff's Motion for Leave to Amend its Complaint.

**So ORDERED and SIGNED this 15th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE