UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PHOENIX LICENSING, LLC, ET AL.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CAUSE NO. 2:11-CV-285-JRG |
| | § | |
| **AETNA, INC., ET AL.** | § | |
| *Defendants.* | § | |
| | § | |

**ORDER**

Before the Court is Defendant Liberty Mutual Insurance Company's ("Liberty") Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 52). For the reasons set forth below, the Court **DENIES** this Motion to Dismiss without prejudice.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Section 101 of the Patent Act states "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. Whether a claim is to patent-eligible subject matter under § 101 is a threshold inquiry, and any claim of an application failing the requirements of § 101 must be rejected, even if it meets all of the other legal

requirements of patentability. *In re Bilski,* 545 F.3d 943, 951 (Fed. Cir. 2008) (citing *In re Comiskey,* 499 F.3d 1365, 1371 (Fed. Cir. 2007).

Liberty argues that the patents-in-suit do not claim patent eligible subject matter and are thus, invalid under 35 U.S.C. § 101. Plaintiffs Phoenix Licensing, LLC and LPL Licensing, LLC (collectively, "Phoenix") argue the issue of invalidity under § 101 is inappropriate at this stage of the case but rather, they argue that a claim construction ruling and supporting evidence are needed to make such a determination. The Federal Circuit has held that claim construction is an important first step in any § 101 analysis. *In re Bilski,* 545 F.3d at 951. The Court agrees that claim construction briefing, along with supporting evidence, may be necessary to determine whether the patents-in-suit contain patent-eligible subject matter. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss without prejudice. However, the Court reserves any ultimate determination under § 101 until after claim construction briefing has been considered by the Court, and Liberty may re-urge this issue at that time.

**So ORDERED and SIGNED this 11th day of September, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE