**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, LLC and <br> LPL LICENSING, LLC <br>     Plaintiffs, <br><br> v. <br><br> AETNA, INC., *et al.*, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 2:11-CV-285-JRG-RSP <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS COMMERCE BANCSHARES, INC. AND COMMERCE BANK'S
<u>MOTION TO SEVER AND TRANSFER VENUE</u>**

<div style="display: flex;">

SENNIGER POWERS LLP
Robert M. Evans, Jr., #35613MO
Marc W. Vander Tuig, #52032MO
Elizabeth E. Fabick, #61749MO
100 North Broadway, 17th Floor
St. Louis, MO  63102
(314) 345-7000 Telephone
(314) 345-7600 Facsimile
revans@senniger.com
mvandertuig@senniger.com
efabick@senniger.com

Lance Lee
5511 Plaza Drive
Texarkana, TX 75503
(903) 223-0276 Telephone
(903) 223-0210 Facsimile
wlancelee@aol.com

</div>

*ATTORNEYS FOR DEFENDANTS
COMMERCE BANCSHARES, INC. AND COMMERCE BANK*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 1

III. LEGAL STANDARD .......................................................................................................... 3

    A. Misjoinder of Parties ..................................................................................................... 3

    B. Transfer of Venue for Convenience of the Parties and Witnesses ................................. 3

IV. ARGUMENT ....................................................................................................................... 4

    A. Phoenix's Complaint Violates Rule 20's Joinder Requirements ................................... 4

    B. The Eastern District of Missouri is the Clearly More Convenient Venue ....................... 5

        1. This lawsuit could have been filed in the Eastern District of Missouri .................. 6

        2. The private interest factors substantially weigh in favor of transfer ...................... 6

            a) *The relative ease of access to the sources of proof* .......................................... 6

            b) *The availability of compulsory process to secure the attendance of witnesses* ................................................................................................................ 7

            c) *The cost of attendance for willing witnesses* ...................................................... 7

            d) *All other practical issues that make trial of a case easy, expeditious, and inexpensive* ................................................................................................................ 7

        3. The public interest factors substantially weigh in favor of transfer ...................... 11

            a) *The administrative difficulties flowing from court congestion* ...................... 11

            b) *The local interest of having localized interests decided at home* .................. 12

            c) *The third and fourth factors are not applicable* ............................................. 12

V. CONCLUSION ................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Balthaser Online, Inc. v. Kimberly-Clark Corp.*,
   No. 2:09-188-TJW, 2011 WL 1526964 (E.D. Tex. Apr. 20, 2011) ......................................... 12

*Cont'l Grain Co. v. Barge FBL-585*,
   364 U.S. 19 (1960) ................................................................................................. 8, 9, 10

*Genetic Techs. Ltd. v. Agilent Techs., Inc.*,
   No 11-cv-01389-WJM-KLM, 2012 WL 1015355 (D. Colo. Mar. 23, 2012) ............................ 9

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ........................................................................................ 1, 3, 5

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) ............................................................................................. 8

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ........................................................................................ 4, 12

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011) ............................................................................................. 8

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ............................................................................................. 9

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................................... 4, 6

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ............................................................................................. 9

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ........................................................................................... 8, 9

*Regent Mkts. Grp., Ltd. v. IG Mkts., Inc.*,
   No 2:10-CV-42-TJW, 2011 WL 1135123 (E.D. Tex. Mar. 25, 2011) ...................................... 7

*Software Rights Archive, LLC v. Google, Inc.*,
   No. 2:07-CV-511-CE, 2010 WL 2950351 (E.D. Tex. July 22, 2010) ............................... 3, 4, 6

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................................ 6

28 U.S.C. § 1404(a) ......................................................................................................... passim

**Rules**
Fed. R. Civ. P. 20 ................................................................................................................. 3, 4, 8

Fed. R. Civ. P. 21 .................................................................................................................... 1, 3

I.   INTRODUCTION

Defendants Commerce Bancshares, Inc. and Commerce Bank (collectively "Commerce"), respectfully move the Court to sever all claims against Commerce and transfer the case against Commerce to the United States District Court for the Eastern District of Missouri, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a).

Plaintiffs Phoenix Licensing, LLC and LPL Licensing, LLC (collectively "Phoenix") improperly joined Commerce with the other defendants in this action. The allegations against Commerce do not contain substantial overlapping facts with the allegations against the remaining defendants. Once severed, there is no remaining link between the Eastern District of Texas and Phoenix's allegations against Commerce. In light of Federal Circuit's recent *In re EMC Corp.*[1] decision, which clarified Rule 20's joinder requirements, and this Court's conclusions regarding joinder in this case in its August 15, 2012 Order denying Plaintiffs' Motion for Leave to File its First Amended Complaint, the claims against Commerce should be severed and transferred to the Eastern District of Missouri.

II.   STATEMENT OF FACTS

Phoenix improperly filed this case against twenty-six defendants,[2] alleging infringement of four U.S. patents: 5,987,434, 6,999,938, 7,890,366, and 6,076,072. Phoenix's allegations are limited to the following:

> Defendants . . . have infringed, contributed to the infringement, and induced others to infringe the [patents-in-suit] and, unless enjoined, will continue to do so, by manufacturing, importing, using, selling, or offering for sale Plaintiffs'

---

[1] 677 F.3d 1351 (Fed. Cir. 2012).

[2] Several defendants have since been dismissed from this case. *See Orders of Dismissal* (Doc Nos. 158, 163, 173) (dismissing Sovereign Bank, HSBC Finance Corporation, HSBC Bank USA, N.A., HSBC Bank Nevada, N.A., HSBC Card Services, Inc., HSBC Technologies & Services, Inc., HSBC Credit Center Inc., and Liberty Mutual Insurance Company).

> patented marketing technology and by contributing to or inducing others to infringe the claims of the [patents-in-suit] without a license or permission from Plaintiffs.

*Pls.' Compl. for Patent Infringement* (June 13, 2011) (Doc. No. 1) at ¶¶ 37, 43, 49, and 55. Phoenix does not allege that the numerous different defendant groups are related or otherwise demonstrate that all defendants can be joined in a single lawsuit.

Further, Phoenix incorrectly alleges that "[w]ithin this judicial district [Commerce] has committed acts and continues to commit acts that give rise to this action, including making sales of infringing products and offering for sale infringing products." Doc. No. 1 at ¶ 6. Commerce did not make sales of, or offer for sale, allegedly "infringing products" in the state of Texas. Commerce's primary corporate offices are located in St. Louis and Kansas City, Missouri. Ex. 1, Steinhouse Decl. at ¶¶ 2-3. Commerce provides banking services and financial products to its customers and has branch offices in Missouri, Kansas, Illinois, Oklahoma, and Colorado. *Id*. at ¶¶ 4-5. St. Louis and Kansas City are Commerce's largest markets and are the source of most of Commerce's deposits and loans. *Id*. at ¶ 6. Commerce sends direct mailings to customers and potential customers to promote its financial products and services. *Id*. at ¶ 7. All Commerce documents and computer systems related to its accused direct marketing activities are located in St. Louis or Kansas City, Missouri. *Id.* at ¶¶ 8-9, 12. And all Commerce employees involved with Commerce's accused direct marketing activities are located in St. Louis or Kansas City. *Id.* at ¶¶ 8-10, 12. Commerce does not have any offices, employees, vendors, warehouses, or printing and shipping facilities located in Texas, related to its accused direct mailing activities. *Id.* at ¶ 13.

Phoenix has no apparent connection to the state of Texas. Phoenix Licensing, LLC and LPL Licensing, LLC are Arizona and Delaware limited liability companies, respectively, which maintain their principal places of business in Scottsdale, Arizona. *See* Doc. No. 1, at ¶¶ 7-8.

### III. LEGAL STANDARD

#### A. Misjoinder of Parties

Fed. R. Civ. P. 20 allows joinder of defendants where "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Federal Circuit law governs motions to sever in patent cases. *In re EMC*, 677 F.3d at 1354. The Federal Circuit recently reemphasized that the "transaction-or-occurrence" test is only satisfied "if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.* at 1358. "In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *Id.* On misjoinder of parties, the Court may "sever any claim against a party." Fed. R. Civ. P. 21.

#### B. Transfer of Venue for Convenience of the Parties and Witnesses

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The initial threshold question [in applying the provisions of § 1404(a)] is whether the suit could have been brought in the proposed transferee district." *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *2 (E.D. Tex. July 22, 2010). The next step is to determine if the action should be transferred. *See id.* "[I]n order to support its claim for a

3

transfer, [a party] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "When the movant demonstrates that the transferee venue is clearly more convenient . . . the district court should therefore grant the transfer." *Id.*

The Fifth Circuit applies the following public and private factors in its analysis of whether the transferee venue is clearly more convenient:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* (internal citations and quotations omitted); *see also Software Rights Archive*, 2010 WL 2950351, at *2. Importantly, a plaintiff's choice of forum is entitled to less consideration when the plaintiff "brings its charges in a venue that is not its home forum." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (finding district court erred in deferring to plaintiff's forum choice "where the plaintiff has not chosen his or her home forum" and "where the choice of forum by a plaintiff has little connection with the operative facts of the lawsuit") (citations omitted).

IV. ARGUMENT

    A. **Phoenix's Complaint Violates Rule 20's Joinder Requirements**

Phoenix's complaint improperly joins unrelated defendants in a single action in violation of Rule 20. This Court has already considered the issue of misjoinder in this case in connection

4

with its recent Order denying Plaintiffs' Motion for Leave to File a First Amended Complaint. *Mem. Op. and Order* (Aug. 15, 2012) (Doc. No. 174) at 3. Specifically, the Court found that the party that Phoenix sought to add to this case did not "share sufficient facts, beyond the allegations of patent infringement, with the other twenty-five defendants necessary to warrant joinder." *Id.* Commerce, like the party Phoenix sought to add, does not share sufficient facts, beyond the allegations of patent infringement, with the other defendants in this case.

"[T]he mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *In re EMC*, 677 F.3d 1351, 1357 (Fed. Cir. 2012). Improper joinder in patent cases denies defendants "a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury." *Id.* at 1355. The Federal Circuit noted the concerns expressed by district courts who have witnessed the adverse effect suffered by defendants "thrown into a mass pit with others to suit plaintiff's convenience." *Id.* ("the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction.") (quoting *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010)). Because Commerce is not properly joined with the other defendants in this litigation, Commerce requests that this Court sever Phoenix's claims against Commerce.

**B.     The Eastern District of Missouri is the Clearly More Convenient Venue**

Upon severance of the claims, Commerce requests that this Court transfer venue to the Eastern District of Missouri. Transfer of venue is proper here under 28 U.S.C. § 1404(a) and the controlling private and public factors. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th

5

Cir. 2008); *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *2 (E.D. Tex. July 22, 2010) .

    1.  <u>This lawsuit could have been filed in the Eastern District of Missouri</u>

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." 28 U.S.C. § 1400(b). Commerce maintains a primary corporate office in St. Louis, Missouri, and thus, this action could have been filed in the Eastern District of Missouri.

    2.  <u>The private interest factors substantially weigh in favor of transfer</u>

Phoenix's case against Commerce has no connection to the Eastern District of Texas. In this case, the applicable private interest factors substantially weigh in favor of transfer to the Eastern District of Missouri. The access to sources of proof, the cost of attendance for willing witnesses, and other practical problems support transfer of this case.

    a)  *The relative ease of access to the sources of proof*

"In general, the ease of accessing the defendants' sources of proof weighs more heavily than the ease of plaintiff's proof, because the majority of relevant evidence in patent infringement suits usually comes from the accused infringers." *Software Rights Archive*, 2010 WL 2950351, at *2 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). In this case, Commerce's evidence is located in Missouri, making the Eastern District of Missouri clearly the most convenient venue. All of Commerce's documents and computer systems related to this litigation are located in Missouri. Moreover, Phoenix is located in Scottsdale, Arizona, not Texas. This factor substantially weighs in favor of transfer.

6

      b)    *The availability of compulsory process to secure the attendance of witnesses*

It is unlikely that compulsory process will be necessary to secure the attendance of key witnesses in this case. This factor is neutral.

      c)    *The cost of attendance for willing witnesses*

Commerce is unaware of any witnesses, party or non-party, residing in the state of Texas. *See* Ex. 4, *Def. Commerce Bank's Supplemental Initial Disclosures* at 3-5 (identifying potential witnesses; all Commerce employees are located in Missouri and any other potential witnesses are not located in the state of Texas). Commerce's anticipated witnesses in this case are located in St. Louis or Kansas City, Missouri. Commerce operates a shuttle between St. Louis and Kansas City. Ex. 1 at ¶ 11. This arrangement facilitates travel for Commerce employees between its primary corporate offices. *Id.* St. Louis is clearly more convenient for Commerce's witnesses than Marshall, Texas.

By choosing to litigate away from its home office, Phoenix's witnesses will have to travel regardless of venue. Phoenix has accepted the travel burden its witnesses will encounter. St. Louis is at least as convenient to Scottsdale as Marshall.

Consequently, this factor substantially weighs in favor of transfer.

      d)    *All other practical issues that make trial of a case easy, expeditious, and inexpensive*

"Practical problems include issues of judicial economy." *Regent Mkts. Grp., Ltd. v. IG Mkts., Inc.*, No 2:10-CV-42-TJW, 2011 WL 1135123, at *3 (E.D. Tex. Mar. 25, 2011). Considerations of judicial economy do not justify keeping this case in the Eastern District of Texas. Commerce anticipates that Phoenix will argue that, because it has a number of lawsuits pending in the Eastern District of Texas related to its patents, all of these cases should remain

7

here in the interest of judicial economy. But any such argument flows from Phoenix's improper joinder of unrelated defendants in this case or other cases. Phoenix should not be permitted to manipulate venue through litigation tactics.[3] "The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation." *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011); *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) ("[T]he Supreme Court explained that Section 1404(a) 'should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just.'") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)). Phoenix should be prevented from defeating transfer by relying on facts that exist solely because Phoenix violated the joinder requirements of Rule 20.

Regardless, judicial economy considerations do not justify keeping this case in the Eastern District of Texas. The only relationship between Commerce's case and the remaining defendants is the patents in suit—a commonality insufficient to support joinder. This slight connection should also be insufficient to keep Phoenix's case against Commerce from being transferred to a clearly more convenient venue. Judicial economy impacts the transfer analysis when there are substantial overlapping facts—like the situation in which joinder is appropriate. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving *precisely the same issues* are simultaneously pending in different District

---

[3] This situation is analogous to a plaintiff taking steps in anticipation of litigation for the purpose of making a forum appear convenient. The Federal Circuit has refused to allow stratagems like these to defeat transfer motions. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (granting writ of mandamus to vacate the district court's order denying transfer when the plaintiff established connections with the state of Texas for the sole purpose of "gam[ing] the system by artificially seeking to establish venue").

8

Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent.") (emphasis added). But when venue is clearly more convenient in an alternative forum and the same factual issues are not presented by multiple cases, judicial economy arguments are insufficient to prevent an improperly joined claim from being transferred to a more convenient forum following severance. *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No 11-cv-01389-WJM-KLM, 2012 WL 1015355, at *11 (D. Colo. Mar. 23, 2012) ("The Court agrees [that] . . . . [o]ne *Markman* hearing as to the claims at issue would be efficient and would guarantee consistency. However, . . . the Court finds that the considerations against joinder in cases in which infringement of the same patent is the *only commonality among defendants* outweigh the potential efficiencies of maintaining the status quo in the lawsuit at issue. Therefore, the Court finds that transfer of the severed claims . . . is proper.") (emphasis added).[4]

In *Continental Grain*, two lawsuits were filed over an incident in which a barge carrying soybeans sank: (1) the barge owner filed a lawsuit in Tennessee (later removed to the district court in Memphis) charging the soybean owner with negligence in loading the barge; and (2) the

---

[4] Cases in which the Federal Circuit has found that judicial economy considerations justified denying transfer are distinguishable. *See, e.g., In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349 (Fed. Cir. 2009). In the *Vistaprint* case, the district court "performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology." 628 F.3d at 1347 n.3. This familiarity resulted from the "substantial experience" the district court had gained in the prior case "which included a hearing and lengthy opinion construing various claim terms." *Id.* at 1344. Further, there was a co-pending case involving the same patent and underlying technology and "no defendant party [was] actually located in the transferee venue and the presence of the witnesses in that location [was] not overwhelming." *Id.* at 1346-1347. In *Volkswagen of Am.*, the court found that there was "significant overlap" between the cases such that judicial economy would be served by the denial of transfer. 566 F.3d at 1351; *but see In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (granting writ of mandamus to vacate the district court's order denying transfer when the overlap between plaintiff's two actions was negligible). In contrast, Commerce is requesting that—once misjoinder is corrected—the case be transferred to its home state, where its witnesses and evidence are located, and this Court has already determined that there is not a "significant overlap" in the facts of this case. *Mem. Op. and Order* (Aug. 15, 2012) (Doc. No. 174) at 3.

9

soybean owner filed a lawsuit in the district court in New Orleans charging the barge and its owner for defects and unseaworthiness of the vessel. 346 U.S. at 20. The Court, in determining that § 1404(a) was meant to prevent the wastefulness of two identical cases being heard in two different district courts, noted that "[t]he crucial issues about fault and damages suffered were identical . . . . The witnesses were identical . . . . [T]he substance of what had to be done to adjudicate the rights of the parties was [identical]." *Id.* at 26.

The facts of this case stand in stark contrast to those of *Continental Grain*. The facts across Phoenix's numerous cases here do not involve two sides of the same story, but entirely different stories. Phoenix's case against Commerce involves comparing Phoenix's patent claims against Commerce's direct marketing activities. These facts are completely unrelated to those underlying Phoenix's cases against other defendants. Here, the crucial factual issues underlying Phoenix's infringement and damages allegations are unique to Commerce and involve different witnesses. The analysis required to adjudicate the rights of the parties is also unique to Commerce.

The stage of the case also does not impact the judicial economy analysis. None of the resources expended by either party are tied to this District. Transfer at this stage in this case neither wastes judicial resources, nor the resources of the parties. There has been little activity in this case since its filing over a year ago. Moreover, this case was just recently referred to Magistrate Judge Roy S. Payne on September 21, 2012, for all pretrial purposes. *See Order* (Doc. No. 188).

Any work done by Commerce or Phoenix to date is easily transferable to the Eastern District of Missouri. The only substantive exchange so far in this case has been the invalidity and infringement contentions. The claim construction hearing, however, is still over six months

away. *See Docket Control Order* (Doc. No. 152) at 2 (scheduling the hearing for April 9, 2013). Given the early stage of the proceedings in this case and the other Phoenix cases in the Eastern District of Texas, the pendency of theses cases here should not have any impact on the judicial economy analysis.

    3.   <u>The public interest factors substantially weigh in favor of transfer</u>

In this case, the applicable public interest factors substantially weigh in favor of transfer to the Eastern District of Missouri. The Eastern District of Missouri's docket is less congested than the Eastern District of Texas and the Eastern District of Missouri has a local interest in this case.

    a)   *The administrative difficulties flowing from court congestion*

The Eastern District of Missouri's docket is less congested than the Eastern District of Texas. For the 12-month period ending September 30, 2011, the Eastern District of Texas had 3,907 cases pending, whereas the Eastern District of Missouri had 3,536 cases pending. *See* Ex. 2, U.S. District Court -- Judicial Caseload Profile for Eastern District of Texas; Ex. 3, U.S. District Court -- Judicial Caseload Profile for the Eastern District of Missouri.[5] Significantly, 775 copyright, trademark, or patent cases were filed in the Eastern District of Texas during 2011 (Ex. 2), as opposed to only 81 in the Eastern District of Missouri (Ex. 3).

Granting this motion to transfer venue to the Eastern District of Missouri would position this case for an earlier resolution, while alleviating the additional burden on this Court associated with Phoenix's case against Commerce (e.g., dispositive motions, evidentiary disputes, and trial). This factor substantially weighs in favor of transfer.

---

[5] Exhibits 2 and 3 were obtained from the U.S. Court's website, www.uscourts.gov (last accessed September 26, 2012).

11

b) *The local interest of having localized interests decided at home*

There is no connection between this forum and Phoenix's current dispute with Commerce. Because there is no local interest in the outcome of this case, the Eastern District of Texas community should not bear the burden associated with resolving this dispute between foreign parties. "[J]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Balthaser Online, Inc. v. Kimberly-Clark Corp.*, No. 2:09-188-TJW, 2011 WL 1526964, at *4 (E.D. Tex. Apr. 20, 2011) (citing *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004)).

Unlike the Eastern District of Texas, the Eastern District of Missouri has a strong local interest in the outcome of this case: Commerce has a primary corporate office in St. Louis, Missouri, and all of Commerce's accused processes are conducted in Missouri. Further, all employees and systems responsible for performing the accused activities are located in Missouri. This factor substantially weighs in favor of transfer.

c) *The third and fourth factors are not applicable*

As to the third factor, patent claims are governed by federal law. Both the Eastern District of Texas and the Eastern District of Missouri are familiar with the governing law of this case. Indeed, like this Court, the Eastern District of Missouri has adopted special local rules for patent cases. Ex. 5. So this factor is not relevant. *See In re Link_A_Media*, 662 F.3d at 1224 ("[plaintiff's] claims arise under the federal patent laws, for which there is uniformity nationwide"). As to the fourth factor, no conflicts of law or foreign law issues are expected. Thus, the third and fourth factors are neutral on the present Motion.

## V.     CONCLUSION

Commerce was improperly joined with the other defendants in this case. The claims against Commerce should be severed. The applicable private and public interest factors demonstrate that the Eastern District of Missouri is clearly more convenient than the Eastern District of Texas. Commerce respectfully requests that its Motion to Sever and Transfer Venue be granted.

Dated:  October 1, 2012                              Respectfully submitted,

SENNIGER POWERS LLP                              Lance Lee
                                                 5511 Plaza Drive
By:  /s/ Marc W. Vander Tuig                     Texarkana, TX 75503
   Robert M. Evans, Jr., #35613MO                (903) 223-0276 Telephone
   Marc W. Vander Tuig, #52032MO                 (903) 223-0210 Facsimile
   Elizabeth E. Fabick, #61749MO                 wlancelee@aol.com
   100 North Broadway, 17th Floor
   St. Louis, MO  63102
   (314) 345-7000 Telephone
   (314) 345-7600 Facsimile
   revans@senniger.com
   mvandertuig@senniger.com
   efabick@senniger.com

*ATTORNEYS FOR DEFENDANTS*
*COMMERCE BANCSHARES, INC. AND COMMERCE BANK*

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 1, 2012.

/s/ Marc W. Vander Tuig

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he has complied with the meet and confer requirement of Local Rule CV-7(h).  Undersigned counsel met with lead counsel for plaintiff, Mr. Sean Luner, by telephone on September 27, 2012.  During this conversation, undersigned counsel explained the basis for the present Motion to Sever and Transfer Venue.  Mr. Luner and undersigned counsel were unable to reach agreement.  Mr. Luner stated that plaintiff would be opposing this motion.  This discussion conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ Marc W. Vander Tuig